1  Timothy J. Becker (MN Bar No. 256663)
   tbecker@johnsonbecker.com
2  Jacob R. Rusch (MN Bar No. 391892)
   jrusch@johnsonbecker.com
3  JOHNSON BECKER, PLLC
   33 South Sixth Street, Suite 4530
4  Minneapolis, Minnesota 55402
   Telephone: (612) 436-1800
5  Fax: (612) 436-1801

6  *Trial Counsel for Plaintiffs*

7

8  ROBERT G. HULTENG, Bar No. 071293
   rhulteng@littler.com
9  ANDREW M. SPURCHISE, Bar No. 245998
   aspurchise@littler.com
10 LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
11 San Francisco, California 94108.2693
   Telephone: (415) 433-1940
12 Fax: (415) 399-8490

13

14 *Attorneys for Defendants*

**FILED**

JUN 2 5 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FLORES and DARAH DOUNG, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSFORCE, INC. and VELOCITY EXPRESS, LLC, a wholly-owned subsidiary of Dynamex Operations East, LLC.<br><br>Defendants. | Case Nos.: 3:12-cv-05790-JST<br><br>*Assigned for all purposes to the Honorable Jon S. Tigar*<br><br>**STIPULATION AND ORDER RE: PRODUCTION OF CUSTODIAL FILES AND NON-CUSTODIAL DOCUMENTS**<br><br>**This Document Relates to All Cases.**<br><br>Complaint Filed: November 9, 2012<br>FAC Filed: January 8, 2013<br>SAC Filed: July 17, 2013<br>TAC Filed: March 28, 2014 |

STIPULATION AND ORDER RE
CUSTODIAL PRODUCTION PROTOCOL          1                    CASE NO. 3:12-CV-05790-JST

This Stipulation and Order shall govern the production of custodial files and non-custodial documents in this Consolidated Litigation.

## I.  IDENTIFICATION OF RELEVANT CUSTODIANS

**A.  Exchange of Preliminary Custodian Lists:** On or before **June 13, 2014**, Defendant shall provide a list of all known custodians who possess documents or other information responsive to Plaintiffs' Request for Production of Documents (Set I & II) served on or about **January 20, 2014**, and **March 28, 2014**, in *Flores v. TransForce, Inc., et al.* Defendant's list shall include the following information:

1) Whether the custodian remains employed by one of the Defendants and if so, which Defendant;

2) The position(s) the custodian held with Velocity Express, LLC, Dynamex Operations East, LLC, or TransForce, Inc.;

3) The anticipated size of the custodian's production in terms of pages; and

4) If the custodian is no longer in one of the Defendant's employ, the custodian's last known address.

**B.  Meet and Confer Regarding Initial Custodial Production:** The Parties shall meet and confer in order to negotiate an agreed-to Initial Custodial Production List. This Initial Custodial Production List shall include those custodians with knowledge of the facts and circumstances leading to the purchase of Velocity Express, LLC and is not deemed to be the final custodial list, and it is anticipated that the Parties may supplement additional custodians to the list as the litigation proceeds. If the Parties successfully agree to an Initial Custodial Production List, Defendant shall begin production of the relevant custodial files as set forth in Paragraph II(A) below. If the Parties are unable to negotiate an agreed-to Initial Custodial Production Lists, the Parties shall submit the issue to the Court for consideration.

## II. PRODUCTION OF CUSTODIAL FILES

A. **Schedule for Production of Custodial Files**: The production of Custodial files shall commence no later than **May 30, 2014**, or in the event the Court issues an Order identifying the Initial Custodial Production List, fifteen (15) days after entry of the Order, and shall continue thereafter every thirty (30) days until complete. If agreement is reached between the parties, Defendant shall produce to Plaintiffs eight (8) complete custodial files on or before **June 6, 2014**, unless the Parties agree to a later date. Then, supplemental production shall take place thirty (30) days thereafter until completed, with nine (9) custodial files produced in June 2014, and ten (10) custodial files every month thereafter, until the entire custodial production is complete. The order of production shall begin with the most substantive witnesses as agreed by the Parties.

B. **Certification of Complete Files**: Upon tendering a Custodial File, Defendant shall certify that each Custodial File is complete or that no such Custodial File exists.

C. **Custodial Depositions**: Plaintiffs may take the deposition of any Custodian fifteen (15) days after receiving the Custodial File pursuant to Paragraph II(B), subject to meeting and conferring with respect to a specific time, date and location for the deposition. In the event Defendant's Custodial File Production is not complete, or Defendant makes a supplemental production, the Parties will meet and confer regarding whether a further deposition is necessary. Any further deposition shall be limited to the subject matter contained within the supplemental production. Plaintiffs may take a maximum of twenty (20) depositions of identified custodians related to the successor liability issue.[1] Defendant reserves the right to move for a protective order to limit the number of depositions to fewer than twenty (20) in the event it becomes apparent that further testimony would be cumulative and duplicative. Similarly, the Parties shall meet and confer if Plaintiffs determine that depositions in excess of twenty (20) are necessary. If the Parties fail to

---

[1] The Parties will submit a Discovery Plan to the Court for merits and class discovery following resolution of the successor liability issue.

STIPULATION AND ORDER RE
CUSTODIAL PRODUCTION PROTOCOL     3     CASE NO. 3:12-CV-05790-JST

reach an agreement with respect to the number of depositions, the Parties shall submit the issue to the Court by Joint Letter Brief not to exceed eight (8) pages.

### III. PRODUCTION OF NON-CUSTODIAL FILES.

**A.     Identification of Source of Documents**: The Parties shall meet and confer to discuss the anticipated scope of the non-Custodial documents responsive to Plaintiffs' Request for Production of Documents and a time-table for completion of the production.

**B.     Schedule for Completion**: On or before **June 13, 2014**, the Parties shall agree upon a schedule related to the simultaneous production of any remaining non-custodial documents. The schedule shall identify the manner in which Defendant intends to produce documents, in the event Defendant intends to produce documents on a rolling basis the time interval for the production and the anticipated number of pages to be produced in each production, and the date Defendants' anticipate completing the non-custodial production.

For the Plaintiffs:

DATED: May 28, 2014              /s/ *Jacob R. Rusch*
                                 Timothy J. Becker (MN Bar No. 256663)
                                 tbecker@johnsonbecker.com
                                 Jacob Rusch (MN Bar No. 391892)
                                 jrusch@johnsonbecker.com
                                 JOHNSON BECKER, PLLC
                                 33 South Sixth Street, Suite 4530
                                 Minneapolis, Minnesota 55402
                                 Telephone: (612) 436-1800
                                 Fax: (612) 436-1801

                                 Jason J. Thompson (MI Bar No. P47184)
                                 jthompson@sommerspc.com
                                 Jesse L. Young (MI Bar No. P72614)
                                 jyoung@sommerspc.com
                                 SOMMERS SCHWARTZ, P.C.
                                 One Towne Square, Suite 1700
                                 Southfield, Michigan 48076
                                 Telephone: (248) 355-0300

                                 Trial Counsel for Plaintiffs
                                 PHILLIP FLORES and DARAH DOUNG

For the Defendants:

DATED: May 28, 2014

/s/ *Andrew M. Spurchise*
ROBERT G. HULTENG
ANDREW M. SPURCHISE
Littler Mendelson, P.C.
Attorneys for Defendants
TRANSFORCE, INC. and VELOCITY EXPRESS, LLC

APPROVED the 25th day of June, 2014.

Judge Jon S. Tigar

STIPULATION AND ORDER RE
CUSTODIAL PRODUCTION PROTOCOL          5          CASE NO. 3:12-CV-05790-JST