UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FLORES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VELOCITY EXPRESS, LLC, et al.,<br><br>    Defendants. | Case No. 12-cv-05790-JST<br><br>**ORDER ALTERING BRIEFING AND HEARING SCHEDULE ON MOTION FOR INTERLOCUTORY APPEAL**<br><br>Re: ECF No. 162 |

The Court has received Defendants' Motion to Amend April 16, 2015 Partial Summary Judgment Order To Certify the Same for Interlocutory Appeal, ECF No. 162. In the motion, Defendants ask the Court to certify two legal issues for interlocutory appeal, and also raise a question regarding which entity, Transforce or Dynamex, is the proper entity for the purposes of successor liability in this case. See id. at 7 n.2.

Defendants first raised the issue of the distinction between Dynamex and TransForce for purposes of successor liability at the January 15, 2015 hearing on Plaintiffs' Motion for Partial Summary Judgment. See Hr'g Tr., ECF No. 158, 18:1-9. At the same hearing, Plaintiffs appeared to concede that Dynamex is the appropriate entity for successor liability. Id. 19:14-23:11, 20:10-14 ("The actual acquiring entity is Dynamex. There was -- the way that the transaction worked is the company that paid the money to ConVest was Dynamex. So the easiest way to do this is to say that Dynamex was the acquirer."). Without conceding that successor liability was appropriate, Defendants appeared to agree that Dynamex was the appropriate subject of Plaintiffs' motion. Id. 29:18-30:12; see also ECF No. 150 at 12-17.

Accordingly, the Court hereby orders as follows:

1. In their opposition to Defendants' motion for interlocutory appeal, Plaintiffs shall address whether they concede that Dynamex is the appropriate entity for the purposes of successor

liability in this case. Plaintiffs should also address what effect, if any, the distinction between the companies has on the analysis of successor liability. Plaintiffs are hereby granted leave to file up to five additional pages in their opposition in order to address these issues (i.e., Plaintiffs may file an opposition of not more than thirty total pages).

2. In any reply in support of the motion for interlocutory appeal, Defendants shall also address whether they concede that Dynamex is the appropriate entity for the purposes of successor liability (as opposed to whether successor liability is appropriate at all) and what effect, if any, the distinction has on the analysis of successor liability. Defendants are hereby granted leave to file up to five additional pages in their reply to address these issues (i.e., Defendants may file a reply of not more than twenty total pages).

3. The briefing dates for Plaintiffs' opposition and Defendants' reply shall remain as originally set. Plaintiffs' opposition is due by May 26, 2015, and Defendants' reply is due by June 2, 2015.

4. If necessary to address any of Defendants' contentions in their reply regarding whether Dynamex is the appropriate entity for the purposes of successor liability, Plaintiffs are hereby granted leave to file a sur-reply of not more than five pages. Any sur-reply shall be due by June 9, 2015.

5. The excess pages the Court has granted the parties in the foregoing paragraphs shall be used *only* to address the issues of whether Dynamex is the appropriate entity for the purposes of successor liability and how that issue affects the successor liability analysis in this case.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

1       6.      The hearing on Defendants' motion for interlocutory appeal is continued to June 25, 2015 at 2:00 p.m.[1]

IT IS SO ORDERED.

Dated: May 14, 2015



JON S. TIGAR
United States District Judge

---

[1] The parties have also filed a stipulation to consolidate their June 8, 2015 case management conference with the hearing on Defendants' motion for interlocutory appeal. See ECF No. 163. Because this order alters the motion hearing date, the stipulation is denied without prejudice. If the parties wish to file a new stipulation in light of this order, they may do so.