1  ROBERT G. HULTENG, Bar No. 071293
   rhulteng@littler.com
2  ANDREW M. SPURCHISE, Bar No. 245998
   aspurchise@littler.com
3  JESSICA X. ROTHENBERG, Bar No. 284823
   jrothenberg@littler.com
4  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
5  San Francisco, California  94108.2693
   Telephone:    415.433.1940
6  Facsimile:    415.399.8490

7  Attorneys for Defendants
   VELOCITY EXPRESS, LLC, TRANSFORCE,
8  INC. and DYNAMEX OPERATIONS EAST, LLC

9

10                      UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

14  PHILLIP FLORES and DARAH DOUNG,       Case No.  3:12-cv-05790-JST
    individually and on behalf of all similarly
15  situated individuals,                 *Assigned for all purposes to the Honorable*
                                          *Jon S. Tigar*
16               Plaintiffs,
                                          **DEFENDANTS' REPLY IN SUPPORT OF**
17        v.                              **MOTION TO AMEND APRIL 16, 2015**
                                          **PARTIAL SUMMARY JUDGMENT ORDER**
18  VELOCITY EXPRESS, LLC a wholly-       **TO CERTIFY THE SAME FOR**
    owned subsidiary of Dynamex Operations **INTERLOCUTORY APPEAL PURSUANT**
19  East, LLC, TRANSFORCE, INC., and      **TO 28 U.S.C. § 1292(b)**
    DYNAMEX OPERATIONS EAST, LLC,
20                                        **This document relates to all cases.**
                 Defendants.
21                                        Date:      June 25, 2015
                                          Time:      2:00 P.M.
22                                        Ctrm.:     9 – 19th Floor

23                                        Complaint Filed:                Nov. 9, 2012
                                          1st Amended Complaint Filed:    Jan. 8, 2013
24                                        2nd Amended Complaint Filed:    July 18, 2013
                                          3rd Amended Complaint Filed:    Mar. 28, 2014
25                                        4th Amended Complaint Filed:    June 26, 2014

26

27

28

DEFS' REPLY RE MOT. TO CERTIFY PMSJ
ORDER FOR INTERLOCUTORY APPEAL                          CASE NO. 3:12-CV-05790-JST

1

2

## TABLE OF CONTENTS

3      I.     INTRODUCTION ................................................................................................ 1

4      II.    THIS CASE SATISFIES THE STATUTORY CRITERIA FOR
              INTERLOCULATORY APPEAL.......................................................................... 2
5
              A.     The Court's Partial Summary Judgment Order Involves A Controlling
6                    Question Of Law.......................................................................................... 2

7             B.     There Are Substantial Grounds For Difference Of Opinion With Regard To
                     The Controlling Legal Question Raised. ..................................................... 3
8
              C.     Immediate Interlocutory Appeal Would Materially Advance The Ultimate
9                    Termination Of This Litigation.................................................................... 4

10     III.   ASSUMING, ARGUENDO, THAT SUCCESSOR LIABILITY IS PROPERLY
              APPLIED TO THIS CASE, DYNAMEX IS THE MOST APPROPRIATE ENTITTY
11            FOR ITS APPLICATION................................................................................... 5

12     IV.    CONCLUSION................................................................................................. 6

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

1

## TABLE OF AUTHORITIES

2

3
                                                                                          **Page(s)**

**CASES**
4

5    *Ahrenholz v. Bd. of Trustees of Univ. of Illinois,*
        219 F.3d 674 (7th Cir.2000) .......................................................................................2

6
     *Bennett v. SimplexGrinnell LP,*
7        2014 WL 4244045 (N.D. Cal. Aug. 25, 2014) ...........................................................4

8    *Couch v. Telescope, Inc.,*
        611 F.3d 629 (9th Cir. 2010) ......................................................................................3
9

10   *Reese v. BP Exploration (Alaska), Inc.,*
        643 F.3d 681 (9th Cir. 2011) ......................................................................................3

11
     *Resilient Floor Covering Pension Fund v. Michael's Floor Covering, Inc.,*
12       2012 WL 8750444 (N.D. Cal. Nov. 1, 2012) ........................................................5, 6

13   *Steinbach v. Hubbard,*
        51 F.3d 843 (9th Cir. 1995). ...................................................................................3, 5
14

15   *Sullivan v. Dollar Tree Stores, Inc.,*
        623 F.3d 770 (9th Cir. 2010) ......................................................................................5

16   *Teed v. Thomas & Betts Power Solutions, L.L.C.,*
        711 F.3d 763 (7th Cir. 2013) ......................................................................................6
17

**STATUTES**
18

19   28 U.S.C. § 1292(b) ................................................................................................1, 7

20

21

22

23

24

25

26

27

28

DEFS' REPLY RE MOT. TO CERTIFY PMSJ          ii.          CASE NO. 3:12-CV-05790-JST
ORDER FOR INTERLOCUTORY APPEAL

1 | **I.     INTRODUCTION**

2          By their Motion, Defendants seek interlocutory review of the Court's holding that

3 | successor liability applies to this case. (ECF No. 156, "Order.")  Much of Plaintiffs' Opposition is

4 | devoted to discussion of issues that have no bearing on the question of whether the Court's Order

5 | should be certified for interlocutory review.[1]  In this Reply, Defendants seek to focus on the only

6 | two issues that are relevant: (1) whether this case meets the factors for certification of interlocutory

7 | review; and (2) a discussion of the applicability of the successor liability test to Dynamex and/or

8 | TransForce, per the Court's Order Altering Briefing and Hearing Schedule on Motion for

9 | Interlocutory Appeal. (ECF No. 164, p. 1:27-2:10.)

10          Pursuant to 28 U.S.C. § 1292(b), certification of a district court's order for

11 | interlocutory appeal is warranted where: (1) the order involves a controlling question of law, (2) as

12 | to which there is a substantial difference of opinion, and (3) an immediate appeal from the order may

13 | materially advance the ultimate termination of the litigation.  The criteria for interlocutory review

14 | are amply satisfied here.  First, there is a controlling question of law.  Clarification of the legal

15 | standard governing successor liability in cases involving parent and subsidiary entities will

16 | materially affect Plaintiffs' means of recovery from Defendants.  Second, there is no existing

17 | authority, particularly in the Ninth Circuit, that squarely addresses whether federal common law

18 | successor liability may be imposed under the FLSA where no asset transfer has occurred between

19 | the alleged predecessor and successor entities, which stand in a parent-subsidiary relationship to

20 | one another.  Third and finally, interlocutory review of this issue will materially advance the

21 | resolution of this litigation by minimizing legal uncertainty and encouraging settlement, irrespective

22

23 | [1] For example, Plaintiffs emphasize that "Defendants did not file an affirmative motion for summary

24 | judgment on either the successor liability or joint employer issues; nor did they conduct *any* discovery on either issue." (Plaintiffs' Opposition at 7:13-15.)  Whether or not Defendants filed an affirmative motion for summary judgment has no relevance to Defendants' motion for interlocutory

25 | review.  Plaintiffs were the moving party on the summary judgment motion here.  Defendants' position is that a dispute of material fact exists as to whether one or both of Dynamex and

26 | TransForce are successors to Velocity's liability.  With respect to discovery on the issue of successor liability, Defendants were in possession of all the facts pertaining to their own relationship as to each

27 | other.  Plaintiffs also spend considerable time discussing a discovery dispute for which the parties are currently engaged in meet and confer efforts (Plaintiffs' Opposition at 12:19-14:10); this too has

28 | nothing to do with the issue of interlocutory review.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEFS' REPLY RE MOT. TO CERTIFY PMSJ
ORDER FOR INTERLOCUTORY APPEAL

CASE NO. 3:12-CV-05790-JST

1    of the outcome of the Ninth Circuit's review.

2
3    **II.    THIS    CASE    SATISFIES    THE    STATUTORY    CRITERIA    FOR
     INTERLOCUTORY APPEAL**

4        **A.    The Court's Partial Summary Judgment Order Involves A Controlling Question
             Of Law.**

5
6            The issue for which Defendants seek interlocutory review is whether successor

7    liability exists under the FLSA when the alleged predecessor and successor entities are in a parent-

8    subsidiary relationship, and no asset transfer occurred.  This is a pure question of law because it is a

9    question of the correct legal standard.  Plaintiffs rely on *Allen v. Conagra Foods, Inc.*, in which this

10   Court denied certification for interlocutory review because the application of the relevant federal

11   regulations to the facts was a mixed question of fact and law.  2015 WL 6000456, at *3 (N.D. Cal.,

12   Nov. 12, 2013).  In *Allen*, this Court discussed *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*,

13   where the Seventh Circuit had found that interlocutory appeal was inappropriate because it would

14   "require the appeals court to 'hunt[] through the record compiled in the summary judgment

15   proceeding to see whether there may be a genuine issue of material fact lurking in there; and to

16   decide a question of contract interpretation [that] may require immersion in what may be a long,

17   detailed, and obscure contract."  2015 WL 6000456, at *3 (citing *Ahrenholz v. Bd. of Trustees of*

18   *Univ. of Illinois*, 219 F.3d 674, 676–677 (7th Cir.2000)).

19           Here, if the Court's order is certified for interlocutory review, the court of appeals

20   would only be ruling on a question of pure law, and will not need to "hunt through the record."  The

21   issue here – whether FLSA successor liability is applicable when the alleged predecessor and

22   successor entities are in a parent-subsidiary relationship, and no asset transfer occurred -- is a purely

23   legal one.  In contrast, the specific application of successor liability to the facts of this case is a

24   mixed question of fact and law.  Specifically, review of this Court's analysis of the business model

25   and operations of Velocity and the other Defendants does involve mixed questions of fact and law.

26   But that is not what Defendants are seeking here.  Instead, Defendants ask review of the threshold

27   legal question:  namely, whether successor liability is a viable legal theory at all given the

28   uncontested facts before the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.    There Are Substantial Grounds For Difference Of Opinion With Regard To The Controlling Legal Question Raised.**

Contrary to Plaintiffs' assertions, there are substantial grounds for difference of opinion with regard to the controlling legal question raised. Plaintiffs allege that the rule of law that "successor liability applies in FLSA cases regardless of the form of transfer from one business to another" is clearly established in the Ninth Circuit by *Steinbach v. Hubbard*, 51 F.3d 843, 845-47 (9th Cir. 1995). (Plaintiff's Opposition at 17:15-21.)[2] However, as explained in Defendants' Motion, *Steinbach did not decide* if a finding of successor liability under the FLSA was predicated upon the existence of an asset transfer. In addition, *Steinbach* did not involve a parent-subsidiary relationship. Therefore, the fundamental question presented in this case—whether a finding of federal common law successor liability under the FLSA is appropriate where no asset transfer has occurred between the alleged predecessor and successor entities, which stand in a parent-subsidiary relationship to one another—has not been addressed by the Ninth Circuit. Substantial grounds for differing opinions necessarily exist where there is a lack of binding authority on an issue, which is subject to different interpretations. *Reese v. BP Exploration (Alaska), Inc.*, 643 F.3d 681, 688 (9th Cir. 2011); *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Again, *Steinbach* did not decide the central legal question presented here, and thus there is a lack of binding authority.

The fact that there are no conflicting decisions within the Ninth Circuit is not dispositive. Rather, the more pertinent question is whether there is controlling authority on this issue at all, and, as described above, there is not. At a minimum, the *Steinbach* decision leaves open the applicability of successor liability to a case such as this. A lack of clear authority within the Circuit provides solid justification for interlocutory review. *See Couch*, 611 F.3d at 633 (opining that courts traditionally find this element satisfied ". . . where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, *or* if novel and difficult questions of first impression are presented") (internal quotations omitted) (emphasis added).

---

[2] Page citations are to the ECF page numbers, rather than the Opposition's internal page numbers.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY RE MOT. TO CERTIFY PMSJ
ORDER FOR INTERLOCUTORY APPEAL          3.          CASE NO. 3:12-CV-05790-JST

1     Plaintiffs mistakenly assert that "'every federal court *that has considered the issue*

2  has found that successor liability exists under the FLSA.'" (Plaintiffs' Opposition, 12:17-13:1.)  The

3  question here is not simply whether successor liability exists under the FLSA; Defendants readily

4  concede that successor liability can exist under certain circumstances. Rather, the **undecided** legal

5  issue is whether successor liability exists under the particular circumstances here: where the alleged

6  predecessor and successor entities are in a parent-subsidiary relationship, and no asset transfer

7  occurred.

8     Plaintiffs' attempt to analogize this case to *Bennett v. SimplexGrinnell LP*, 2014 WL

9  4244045 at *1 (N.D. Cal. Aug. 25, 2014), is equally unavailing.  At issue in *Bennett* was a simple

10  question: whether the stand-alone testing and inspection of fire alarm and sprinkler systems was

11  subject to the payment of prevailing wages under a California Labor Code section.  This court

12  denied interlocutory review because the case presented neither a "substantial ground for difference

13  of opinion," nor "a novel and difficult question of first impression." *Id.* at *2.  The court denied

14  interlocutory review "[g]iven this **lack of ambiguity**, as well as the relatively straightforward nature

15  of the question of whether the testing and inspection work in this litigation is covered by the

16  prevailing wages statute." *Id.* (emphasis added).  Here, the question is far from straightforward.  The

17  case law discussing the application of FLSA successor liability provides no guidance as to whether

18  the FLSA requires a predicate asset transfer or whether and to what extent the existence of separate

19  corporate entities alters the analysis.  The issue is a difficult and complex one, and it has not

20  previously been ruled upon.

21  **C.   Immediate Interlocutory Appeal Would Materially Advance The Ultimate**
22     **Termination Of This Litigation.**

       Plaintiffs argue that an interlocutory appeal would not reduce protracted litigation
23
   because even if Defendants prevail, a triable issue still remains on joint employer status.
24
       Contrary to Plaintiffs' assertions, Defendants do not believe they have won the issue
25
   of joint employer, and do not believe that if Plaintiffs' summary judgment motion is denied,
26
   "TransForce and Dynamex are off the hook and the case ends." (Plaintiff's Opposition 22:11-12;
27
   24:8-10.)  Defendants are fully aware that a denial of summary judgment for Plaintiffs does not
28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
.an Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY RE MOT. TO CERTIFY PMSJ          4.          CASE NO. 3:12-CV-05790-JST
ORDER FOR INTERLOCUTORY APPEAL

1   mean that Defendants have been granted summary judgment on the issue.  However, this does not

2   mean, as Plaintiffs insist, that an interlocutory appeal would not materially advance the ultimate

3   termination of the litigation.  Both joint employer and successor liability theories are threshold issues

4   which impact Plaintiffs' available means of recovery in the event they ultimately prevail.  If

5   Defendants prevail in their appeal, the most logical course of action is a trial limited to determining

6   whether Dynamex and/or Transforce are liable for any recovery by Plaintiffs under any theory of

7   recovery.  If Defendants win on these issues, Plaintiffs have conceded the case is effectively over.

8   (ECF 147, pp. 32:8-33:13.)

9          Moreover, interlocutory review of this threshold issue will provide the parties

10   certainty regarding successor liability, meaning resolution may well become more likely than if the

11   issue is reserved for appeal following the conclusion of the entire case.

12   **III.    ASSUMING, *ARGUENDO*, THAT SUCCESSOR LIABILITY IS PROPERLY**
         **APPLIED TO THIS CASE, DYNAMEX IS THE MOST APPROPRIATE ENTITTY**
13       **FOR ITS APPLICATION**

14          Assuming, *arguendo*, that FLSA successor liability is properly applied to the facts of

15   this case, which Defendants deny, the test should be applied to Dynamex only, and not TransForce.

16   Existing case law makes clear that the proper entity to examine under the test is the acquiring entity.

17   Here, the acquiring entity is Dynamex.  Dynamex purchased the shares of Velocity, and Velocity

18   became a subsidiary of Dynamex.  (ECF No. 150, pp. 7:21-24.)[3]  The legal test logically can be

19   applied only to Dynamex, rather than TransForce.  For example, under the prong of whether the

20   subsequent employer is a bona fide successor, courts have considered (1) substantial continuity of

21   business operations; (2) use of the same plant and/or facilities; (3) use of the same or substantially

22   the same workforce; (4) the existence of the same jobs under the same conditions; (5) use of the

23   same supervisors; (6) use of the same machinery, equipment, and methods of production; and (7) the

24   provision of the same product and/or service.  *See, e.g., Steinbach, supra, Sullivan v. Dollar Tree*

25   *Stores, Inc.,* 623 F.3d 770, 787 (9th Cir. 2010)*, Resilient Floor Covering Pension Fund v. Michael's*

26   *Floor Covering, Inc.,* 2012 WL 8750444 (N.D. Cal. Nov. 1, 2012)*.*    These factors can only be

27

28   _____
     [3] Page citations are to the ECF page numbers, rather than the Opposition's internal page numbers.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY RE MOT. TO CERTIFY PMSJ
ORDER FOR INTERLOCUTORY APPEAL          5.          CASE NO. 3:12-CV-05790-JST

1    measured with respect to Dynamex.  For example, as to the second factor, a few Dynamex and

2    Velocity facilities were combined into one facility for cost efficiency.  (ECF No. 150, p. 18:23-25.)

3    Similarly, a very small percentage of the Velocity workforce ended up working for Dynamex.  (*Id.* at

4    20:6-18.)   Any Velocity customers that were retained were ultimately retained by Dynamex, not

5    TransForce.  (*Id.* at 19:21-24.)  TransForce did not merge any facilities with Velocity, nor operate

6    those facilities, nor did any former Velocity employees assume positions with TransForce.

7    Furthermore, the application of the factor of whether the alleged successor had notice of the potential

8    FLSA liability only makes sense as applied to Dynamex, because Dynamex *was the acquiring*

9    *entity*. *See, e.g.*, *Teed v. Thomas & Betts Power Solutions, L.L.C.*, 711 F.3d 763, 764 (7th Cir. 2013)

10   (finding FLSA successor liability where the alleged successor, a computer services company,

11   obtained the assets of a similar corporation through a transaction facilitated by the successor's parent

12   corporation).

13            While, if the application of FLSA successor liability is appropriate at all, Dynamex is

14   the proper entity to which the FLSA successor liability test should be applied, Dynamex is not a

15   bona fide successor in any way.  (ECF No. 150, pp. 16:12-21:16.)  In short, Dynamex and Velocity

16   do not have the same business model or operations because Dynamex is a same-day, last-mile

17   transportation service provider that primarily delivers to end-consumers, while Velocity's business

18   model and operations focused on retail store replenishment.  (*Id.* at 16:20-18:20.)  Dynamex and

19   Velocity do not use all of the same facilities, and in the few facilities that were combined, the

20   operations were not combined.  (*Id.* at 18:21-19:24.)  In addition, Dynamex and Velocity do not use

21   the substantially the same workforce or supervisors; only a very small percentage of the Velocity

22   workforce ended up working at Dynamex.  (*Id.* at 19:25-21:3.)  Finally, the jobs at Velocity do not

23   exist at Dynamex under the same conditions because for those Velocity employees who did become

24   employed by Dynamex, and those Velocity independent contractors who later contracted with

25   Dynamex, the employment terms and contractual relationships changed completely.  (*Id.* at 21:4-16.)

26   **IV.    CONCLUSION**

27            For the foregoing reasons, Defendants respectfully request that the Court amend its

28   April 16, 2015 Order regarding successor liability to include a certification for interlocutory appeal

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY RE MOT. TO CERTIFY PMSJ
ORDER FOR INTERLOCUTORY APPEAL          6.          CASE NO. 3:12-CV-05790-JST

1  pursuant to 28 U.S.C. § 1292(b). Defendants also respectfully request that, should the Court grant

2  the instant Motion, it simultaneously stay all District Court proceedings in this action pending the

3  result of the Ninth Circuit's interlocutory ruling.

4

5  DATED:  June 2, 2015

6                                        /s/ Andrew M. Spurchise
                                         ROBERT G. HULTENG
7                                        ANDREW M. SPURCHISE
                                         JESSICA X. ROTHENBERG
8                                        LITTLER MENDELSON, P.C.

9                                        Attorneys for Defendants
                                         VELOCITY EXPRESS, LLC,
10                                       TRANSFORCE, INC. and DYNAMEX
                                         OPERATIONS EAST, LLC

11

12

13
   Firmwide:133901090.1 083394.1000
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

DEFS' REPLY RE MOT. TO CERTIFY PMSJ          7.          CASE NO. 3:12-CV-05790-JST
ORDER FOR INTERLOCUTORY APPEAL