UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FLORES, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>VELOCITY EXPRESS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-05790-JST<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: ECF No. 162 |

Before the Court is Defendants' Motion to Amend the April 16, 2015 Partial Summary Judgment Order to Certify the Same for Interlocutory Appeal ("Motion"). ECF. No. 162. For the reasons set forth below, the motion is DENIED.

## I.　BACKGROUND

Plaintiffs brought this case as a collective action under the Fair Labor Standards Act ("FLSA") and as a class action under California's labor and unfair competition laws. ECF No. 1, ¶ 1. This Court granted partial summary judgment in Plaintiffs' favor on the issue of whether TransForce and Dynamex are successors to Velocity Express's potential FLSA liability.[1]  EFC No. 156 at 12. Defendants, Velocity Express, LLC, Transforce, Inc., and Dynamex Operations East, LLC ("Defendants"), have moved pursuant to 28 U.S.C. § 1292(b) to seek interlocutory appeal of this Court's April 16, 2015 partial summary judgment order.

Specifically, Defendants move to amend the order to certify that it is appropriate for interlocutory appeal as to the rulings that successor liability applies and that Plaintiffs have carried their burden to show that Dynamex is a successor to Velocity's potential FLSA liability in this

---

[1] This Court amended its summary judgment order to clarify that Dynamex alone, rather than both TransForce and Dynamex, is the appropriate successor entity for Velocity's potential liability. ECF No. 176 at 12. The remainder of the present order therefore refers only to Dynamex.

case.[2] EFC No. 162 at 2. Defendants contend that certification of the Court's order is warranted because (1) potential FLSA liability is a controlling question of law that would materially affect the outcome of the case, (2) there is no binding authority that addresses whether successor liability can be imposed if no asset transfer has occurred between the predecessor and successor entities, and (3) resolution on interlocutory appeal would materially advance the resolution of the litigation.[3] Id. at 2-3.

Plaintiffs oppose the motion contending that the motion fails on the merits because it does not establish the presence of an "exceptional situation" that calls for a departure from the "normal rule" of appealable final judgments. ECF No. 168. Plaintiffs argue that that there is not substantial ground for difference of opinion as to the order, a controlling question of law is not involved, and an appeal of this issue will delay the litigation without advancing the ultimate termination of the litigation. See id. Plaintiffs also argue that Defendants' motion is merely another attempt to re-litigate the issues raised in connection with Plaintiffs' motion for partial summary judgment. Id. at 14.

## II.  LEGAL STANDARD

The final judgment rule ordinarily provides that courts of appeal shall have jurisdiction only over "final decisions of the district courts of the United States. 28 U.S.C. § 1291. However, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order

---

[2] This Court, in its Amended Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment, holds that Plaintiffs carried their burden to show Dynamex is a successor to Velocity's potential FLSA liability in this case. ECF No. 176 at 12.

[3] Defendants, in their motion, also note that they disagree with the "burden of persuasion the Court appears to have applied in determining whether common law successorship is an appropriate theory of liability in this case." ECF No. 162 at 8. The Court did not impose an improper burden on Defendants. See ECF No. 147 at 8. Rather, the Court dispensed with Defendants' argument that, as a matter of law, no successor liability could apply. The Court then applied the applicable, three-part test under Steinbach. The burden was properly placed on the Plaintiffs to show they are entitled to summary adjudication. See id. at 9, 12. In this Court's amended order, this Court concluded that Plaintiffs carried their burden to show that successor liability applies as to Dynamex. ECF No. 176 at 12.

may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order." Id. "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir.2002). To that end, "section 1292(b) is to be applied sparingly and only in exceptional cases." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1027 (9th Cir. 1981), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190 (1983).

### III. DISCUSSION

The Court concludes that Defendants have failed to show that either a substantial ground for difference of opinion exists on the issue of whether successor liability could attach or that an immediate appeal would materially advance the ultimate termination of the litigation. Accordingly, Defendants' motion will be DENIED.

#### A. Controlling Question of Law

The first prong regarding the availability of interlocutory appeal requires that a "controlling question of law" be present. 28 U.S.C. § 1292(b). A "controlling" question of law may only be found in those "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d at 1026. A question of law is controlling if "the resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Id. at 1027. "[A] mixed question of law and fact," by itself, is not appropriate for permissive interlocutory review. Steering Comm. v. United States, 6 F.3d 572, 575 (9th Cir. 1993).

Defendants have asked for appellate review of the question whether successor liability applies to the facts in this case. ECF No. 162 at 6. Defendants argue that this is a purely legal question, the answer to which is controlling of the litigation. ECF No. 162 at 8. Plaintiffs argue that this is a mixed question of law and fact inappropriate for appellate review. ECF No. 168 at

3

15. Each of these characterizations is partially correct. The question of whether successor liability *ever* applies when an acquired company is merged into a subsidiary is a question of law. The question of whether it applies to *this particular acquisition* is a mixed question of law and fact. Both questions are presented by the Court's summary judgment order.

This Court agrees with Defendants that the first, threshold question could materially affect the outcome of the litigation. Accordingly, this prong is satisfied because at least one "pure" question of law is presented. See Steering Comm., 6 F.3d at 575 (finding the Ninth Circuit had jurisdiction over an interlocutory review of two questions: one of "pure" law and one a mixed question of law and fact).

### B. Substantial Ground for a Difference of Opinion

The second prong regarding the availability of interlocutory appeal requires that there be "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Courts determine whether there is a "substantial ground for difference of opinion" by examining "to what extent the controlling law is unclear." Couch, 611 F.3d at 633. "[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" Id. (quotations omitted). Traditionally, courts will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Id. (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." Id.

Defendants contend that the Ninth Circuit precedent is unclear as to whether federal common law successor liability applies in the parent-subsidiary context where no asset transfer has occurred. ECF No. 162 at 9. Defendants also point out that there is no controlling authority on this specific issue. Id. at 12. Plaintiffs argue that the application of successor liability applies in FLSA cases regardless of the form of transfer and that controlling law is clear on this point.

4

ECF No. 168 at 11.

Defendants' argument as to this prong is unconvincing. As the Court noted in its summary judgment order, existing Ninth Circuit case law holds that a succeeding employer may be responsible for a predecessor's liabilities under the FLSA where: (1) the alleged successor was a "bona fide" successor; (2) the alleged successor had notice of the potential FLSA liability; and (3) the predecessor employer is not able to provide complete relief. Steinbach v. Hubbard, 51 F.3d 843, 845-46 (9th Cir. 1995). These elements are satisfied here as to defendant Dynamex. No authority supports Defendants' position that liability depends on the form of the succession transaction, and in fact the Ninth Circuit was careful to note that "the form of transfer from one business to another [is] of no consequence to the successorship inquiry." Id. at 847; see also ECF No. 156 at 6. Defendants have not cited a single case that conflicts with the holding in the order at issue, and Defendants and Plaintiffs agree that there are no conflicting decisions within the Ninth Circuit on this issue. See ECF No. 170 at 3; ECF No. 168 at 11.

Accordingly, the Court concludes that this case present neither "substantial grounds for difference of opinion" nor "a novel and difficult question[] of first impression."

### C. Materially Advancing the Litigation

Finally, the third prong in the interlocutory appeal standard requires a showing that the grant of immediate appeal "may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). "[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011).

Defendants argue that having the Ninth Circuit reverse or uphold the order would permit Plaintiffs and Defendants to better assess the value of settlement "in light of definitive guidance concerning the law of successor liability." ECF No. 162 at 13. Plaintiffs, on the other hand, argue that interlocutory appeal would only delay the litigation and increase the parties' costs. Plaintiffs further argue that Defendants would still be required to try the successor liability issue before the jury even if this Court's summary judgment order is reversed on interlocutory appeal.

1 Immediate appeal would not materially advance of the litigation; in fact, it might have the opposite effect given that Defendants have also requested a stay in connection with the appeal. ECF No. 162 at 3. This cost weighs against interlocutory appeal because it would not expedite the litigation, particularly given that the litigation has already been pending for two-and-a-half years. See Bennett v. SimplexGrinnell LP, No. 11-cv-01854, 2014 WL 4244045 at *3 (N.D. Cal. Aug. 25, 2014). Nor will any judicial resources be saved: Plaintiffs state they would still try the issue of successor liability, as well as the issue of joint employer status, to a jury, regardless of the outcome of an interlocutory appeal. ECF No. 168 at 19. And Defendants concede that such a trial would be "the most logical course of action." ECF No. 170 at 5.

The Court finds that interlocutory appeal would not materially advance this litigation.

## CONCLUSION

The Court concludes that Defendants have failed to show that either (1) a substantial ground for difference of opinion exists on the issue whether successor liability applies, or (2) that interlocutory appeal of this issue would materially advance the litigation.

Accordingly, Defendants' motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 21, 2015

_____
JON S. TIGAR
United States District Judge