Timothy J. Becker (MN Bar No. 256663)
tbecker@johnsonbecker.com
Jacob R. Rusch (MN Bar No. 391892)
jrusch@johnsonbecker.com
JOHNSON BECKER, PLLC
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
Telephone: (612) 436-1800
Fax: (612) 436-1801

*Trial Counsel for Plaintiffs*

Robert G. Hulteng, Bar No. 071293
rhulteng@littler.com
Andrew M. Spurchise, Bar No. 245998
aspurchise@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, California 94108.2693
Telephone: (415) 433-1940
Fax: (415) 399-8490

*Attorneys for Defendants*

**FILED**
SEP 24 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FLORES and DARAH DOUNG, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br>v.<br><br>VELOCITY EXPRESS, LLC, a wholly-owned subsidiary of Dynamex Operations East, LLC[1], TRANSFORCE, INC., and DYNAMEX OPERATIONS EAST, LLC,<br><br>Defendants, | Case Nos.: 3:12-cv-05790-JST<br><br>*Assigned for all purposes to the Honorable Jon S. Tigar*<br><br>**CASE MANAGEMENT ORDER NO. 1: PLAINTIFF QUESTIONNAIRE AND DISCOVERY PLAN**<br><br>Complaint Filed: November 9, 2012<br>FAC Filed: January 8, 2013<br>SAC Filed: July 17, 2013<br>TAC Filed: March 28, 2013<br>4th AC Filed: June 26, 2014 |

---

[1] Formerly Dynamex Operations East, Inc.

---

CMO NO. 1           1           CASE NO. 3:12-CV-05790-JST

## I. THE PLAINTIFF QUESTIONNAIRE PROCESS

The Parties believe a Plaintiff Questionnaire Process ("PQP" or "PQ") will allow the Parties to quickly ascertain those Opt-in Plaintiffs who truly wish to litigate their respective claims and, equally important, whether those claims are capable of class treatment. Based on this Agreement, the Parties submit Case Management Order No. 1 to the Court instituting the following:

1. <u>Plaintiff Questionnaire</u>: The Parties agree to use a jointly-negotiated "Plaintiff Questionnaire" directed to the Named- and Opt-in Plaintiffs of the collective class. The Parties have agreed upon a proposed PQ to submit to the Court for its approval. The specific contents of the PQ include the following:

   a. The PQ is expressly recognized as a form of discovery and, as such, will include both substantive interrogatory-type questions, as well as requests for the production of records and other documents. In exchange, Plaintiffs agree that all questions shall be answered without objection.

   b. The PQ shall be used for purposes of selecting cases for inclusion in the bellwether process and may not be used offensively or defensively by either Party with regard to class certification or decertification.

   c. The PQ shall contain questions that are neutrally-phrased and elicit objective information. The use of the PQ will not preclude Defendants from obtaining additional discovery of a non-duplicative nature.

   d. Upon approval of the PQ by the Court, Plaintiffs shall have 90 days from the date of the Court's Order to respond to Plaintiffs' counsel. Each Plaintiff shall remain under a continuing duty to supplement the information provided in the PQ pursuant to Fed. R. Civ. P. 26(e).

    e. PQ responses will be returned to Plaintiffs' counsel. Draft versions of the PQ are not discoverable and will not be produced. Plaintiffs' counsel will produce to Defendants a complete PQ, the documents requested at the end of the PQ, and a Tax Information Authorization form within thirty (30) days from receipt of the completed PQ. In completing the PQ, every Plaintiff is required to provide a PQ that is complete in all respects; thus, the responding Plaintiff must answer all questions contained in the PQ to the best of his or her ability, provide all documents or other materials in his or her possession that are responsive to PQ requests, and do so under Oath.

    f. In the event an individual Opt-in fails to return a PQ to Plaintiffs' Counsel within the 90 day period, their case will be dismissed without prejudice. Following the completion of the PQ process, and the receipt of all PQs from Plaintiffs' counsel, the Parties shall meet and confer regarding PQs which Defendant believes to be materially insufficient. Plaintiffs shall have thirty (30) days to cure any deficiency following the meet and confer. In the event that agreement cannot be reached on whether a Plaintiff should be dismissed over an insufficient PQ response, Defendants shall file a motion for dismissal with the Court by no later than thirty (30) days following receipt from Plaintiffs' counsel of the cured PQ.

2. <u>Proposed Decertification Process after Production of PQs</u>: Within sixty (60) days of completion of the PQ process, Plaintiffs' counsel shall advise Defendants' counsel and the Court whether they intend to pursue class treatment of the litigation or, alternatively, stipulate to decertification along with a proposed schedule governing the remainder of this litigation. That schedule expressly contemplates that the Parties will try a series of

"Bellwether" cases as outlined in Case Management Order No. 2. Any stipulation as to decertification shall be irrevocable, shall have no effect until 30 days after the conclusion of the first three Bellwether Trials, and shall not deprive the Court of jurisdiction over subsequent litigation of this subject matter by Opt-In Plaintiffs.

## II.  DISCOVERY PLAN

In addition to the PQP detailed above, the Parties propose the following Discovery Plan ("Plan") to conserve judicial resources; eliminate duplicative discovery; serve the convenience of the Court, Parties, and Witnesses; and promote the just and efficient conduct of this litigation. The Plan shall apply to all Named- and Opt-in Plaintiffs, and any related matters that have been or will be filed in or transferred to this Court, including any and all related putative class action matters brought under Fed. R. Civ. P. 23 or its state law equivalents. The Plan expressly intends that general merits discovery of Defendants will continue in conjunction with case-specific discovery for purposes of the Bellwether Trials.

1. <u>Discovery Under the Plan</u>:  No Party to the Plan may conduct any discovery not expressly authorized by the Plan or CMO No. 2 absent further Order of this Court or express agreement of the Parties. This provision shall not preclude third party discovery; provided, however, that any Party intending to serve third party discovery shall give ten (10) days written notice to the other Party of the third party discovery to be served.

2. <u>General Merits Discovery</u>:  To date, Defendants have produced approximately 13,000 documents regarding successor liability. Plaintiffs have not conducted general merits discovery on Defendants to date, though some relevant information has been elicited during the course of depositions noticed and completed by Plaintiffs' counsel. Plaintiffs shall have the right to identify additional relevant witnesses as discovery continues. The Parties shall meet and confer concerning such additional witnesses and any discovery

directed to them. Plaintiffs shall be entitled to serve interrogatories, not to exceed twenty-five (25), and request the production of documents. Plaintiffs shall complete general merits discovery no later than July 1, 2016.

3. Custodial File Certification Process: With respect to those custodial files that were previously produced for successor liability, Defendants shall:

   a. On or before November 9, 2015, supplement each and every custodial production with documents relevant to general merits discovery; or provide a written certification stating that, to the best of its knowledge, the complete custodial file has been produced (a "Certification of Completion");

   b. If Defendants do not provide a Certification of Completion for any witness's Custodial File, the Parties shall meet and confer with respect to such witness. Plaintiffs shall be able to depose such witness upon thirty (30) days' notice following the meet and confer, and shall have the right to re-depose the witness if the custodial file is supplemented at a later date, provided good cause is shown for the need to re-depose the witness. Any such deposition shall be limited to the subject matter contained in the supplemental production.

4. Preservation: The Parties shall maintain and preserve documents produced pursuant to this Plan and/or in response to requests for production of documents so that they shall be available to all attorneys, on reasonable terms and conditions, and to the Court.

5. Format of Production: The protocol for the format of production of documents shall be in accordance with the Stipulated Protective Order and Document Production Protocol that will be negotiated between the Parties and entered at a future date.

6. Depositions: Depositions of common fact witnesses currently or formerly employed by Defendants, including any depositions conducted pursuant to Fed. R. Civ. P. 30(b)(6),

shall begin after November 9, 2015. Plaintiffs may take no more than fifteen (15) depositions of Defendants' witnesses, which are separate and apart from the case-specific Bellwether Trial depositions. Plaintiffs may also request custodial files from witnesses in advance of their depositions. With respect to any custodial files so produced, Defendants shall provide a Certificate of Completion within thirty (30) days of its production. This limitation includes any deposition conducted pursuant to Fed. R. Civ. P. 30(b)(6) or any comparable state rule of civil procedure. Defendants may take one (1) deposition of each and every Named- or Opt-in Plaintiff whose case is selected as a Bellwether Trial.

7. <u>Deposition Scheduling</u>: Depositions must be initially noticed pursuant to Fed. R. Civ. P. 30 at least thirty (30) calendar days in advance, with notice served upon counsel. This notice is not required for amended deposition notices so long as the Parties have consulted in advance of any amended deposition notice in an effort to schedule depositions at a mutually convenient time and place. Depositions should be scheduled by agreement of the Parties based upon the availability of documents relevant to the specific witness and the availability of the witness and counsel. In any week in which depositions will be taken, such depositions shall commence no earlier than 9:30 a.m. on Monday and end no later than 5:30 p.m. on Friday, unless by agreement of the Parties or Court Order.

8. <u>Schedule Pursuant to CMO No. 1</u>:

| Event | Deadline |
|---|---|
| Proposed PQ joint submission by the Parties | September 17, 2015 |
| Status Conference and Order entering PQ and CMOs No. 1 and 2 | September 24, 2015 |
| PQ distributed to Named- and Opt-in Plaintiffs | October 12, 2015 |
| Custodial supplemental production deadline | November 9, 2015 |
| 30(b)(6) and common fact witness begin date | November 9, 2015 |
| PQ return deadline | January 11, 2016 |

| | |
|---|---|
| PQ submission to Defendants deadline | February 10, 2016 |
| General merits discovery cutoff | July 1, 2016 |

SO ORDERED.

Dated: __9/24/15__, 2015

JON S. TIGAR
UNITED STATES DISTRICT COURT JUDGE