ROBERT G. HULTENG, Bar No. 071293
rhulteng@littler.com
AURELIO J. PÉREZ, Bar No. 282135
aperez@littler.com
BYUNG-KWAN PARK, Bar No. 306719
bpark@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone: (415) 433-1940
Fax: (415) 399-8490

Attorneys for Defendant
VELOCITY EXPRESS, LLC, TRANSFORCE, INC., and DYNAMEX OPERATIONS EAST, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

PHILLIP FLORES and DARAH DOUNG, individually and on behalf of all similarly situated individuals,

Plaintiffs,

v.

VELOCITY EXPRESS, LLC a wholly-owned subsidiary of Dynamex Operations East, LLC, TRANSFORCE, INC., and DYNAMEX OPERATIONS EAST, LLC,

Defendants.

Case No. 3:12-cv-05790-JST

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO MISCLASSIFICATION AND WILLFULNESS**

| | |
|---|---|
| Complaint Filed: | Nov. 9, 2012 |
| 1st Amended Complaint Filed: | Jan. 8, 2013 |
| 2nd Amended Complaint Filed: | July 18, 2013 |
| 3rd Amended Complaint Filed: | Mar. 28, 2014 |
| 4th Amended Complaint Filed: | June 26, 2014 |

## I. INTRODUCTION.

The Court heard Plaintiffs' Motion for Partial Summary Judgment as to Misclassification and Willfulness ("Plaintiffs' Motion") on April 13, 2017. During the hearing, Plaintiffs cited heavily to *JKH Enterprises, Inc. v. Department of Industrial Relations*, 142 Cal. App. 4th 1046 (2006) ("*JKH Enterprises*")—a case they had failed to mention in their briefing. The Court therefore authorized Defendants to submit a short supplemental brief in response to Plaintiffs' discussion of this case. (Dkt. 257.)

There is no dispute that the application of *JKH Enterprises* to the instant case, if appropriate, is limited to Mr. Mack's misclassification claim under California law. Having reviewed *JKH Enterprises* in its entirety, however, Defendants aver that *JKH Enterprises* is too procedurally and factually distinguishable to carry weight for Mr. Mack's claim.[1] If anything, a close examination of the court's reasoning in *JKH Enterprises* reveals that Plaintiffs' Motion must be denied.

## II. SUMMARY OF *JKH ENTERPRISES*.

There once was a courier service business called "VIP Courier" ("VIP") that relied on a number of employee delivery drivers *JKH Enterprises*, 142 Cal. App. 4th at 1050. VIP failed to procure workers' compensation insurance for these drivers. California Department of Industrial Relations ("Department") learned of this failure and issued a "stop order"—*i.e.*, an order to stop operating as a business until it corrected this deficiency. *Id.* VIP could have challenged the stop order, but did not. Instead, VIP's owner formed a new business, JKH Enterprises, Inc. ("JKH"), which continued VIP's business but explicitly classified its drivers as independent contractors. *Id.*

JKH's drivers had no actual written agreement with respect to their independent contractor status. *Id.* at 1050 n.2. Rather, prior to their engagement with JKH, the drivers filled out a form and application simply acknowledging their status as independent contractors. *Id.* at 1050. JKH's drivers were divided into two categories—"route" and "special". *Id.* Route drivers were paid hourly and performed delivery services in the same route or territory to which they were assigned. *Id.* The

[1] Defendants cite to several cases other than *JKH Enterprises* throughout this supplemental brief. All of these other cases were cited previously in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment as to Misclassification and Willfulness ("Defendants' Opposition"). No additional examination of these other cases beyond that which was presented in Defendants' Opposition is presented in this supplemental brief.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

special drivers, in contrast, performed "special" deliveries requested by JKH's customers. *Id.* at 1051. Each special driver was obligated to call JKH each day and inform JKH whether he or she intended to work that day. *Id.* All drivers used their own cars to make deliveries and were paid twice a month. *Id.* at 1051-52.

History repeats itself. In 2004, the Department investigated JKH and found that its drivers had been misclassified as independent contractors. *Id.* at 1052-53. The Department also determined that, JKH had (again) failed to procure workers' compensation insurance. *Id.* at 1053. The Department issued another stop work order.

JKH challenged the order. The Department upheld the order in a written decision that included factual findings. *Id.* No single factor was determinative in the Department's decision. *Id.* at 1053-54. Instead, the Department applied the interdependent "multi-factor" test enunciated in *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989) ("*Borello*").

The appellant petitioned a California trial court for a writ of administrative mandamus to overturn the Department's order. The trial court denied the writ, concluding that there was substantial evidence in the record to support the Department's decision. *JKH Enterprises*, 142 Cal. App. 4th at 1055. Substantial evidence also supported the Department's argument that JKH's "classification of the drivers . . . was based on subterfuge and that this artifice was a factor tending to show an employment relationship." *Id.* at 1066. The record was undisputed that JKH had formed "in response to a prior stop work order issued to VIP Courier." *Id.*

JKH appealed. On appeal, the court faced two key questions: (1) whether the deferential substantial evidence test, under which an agency's findings are presumed to be supported by the record, was the correct standard of judicial review; and (2) if so, whether there was substantial evidence in the record to support the Department's findings. *Id.* at 1059, 1062. The court answered both questions in the affirmative. *Id.*

## III. PLAINTIFFS' RELIANCE ON *JKH ENTERPRISES* IS MISPLACED.

The court in *JKH Enterprises* devoted nearly a third of its written opinion to answering the first question. The court held that the trial court had applied the correct standard of judicial review—the substantial evidence test—because no "fundamental vested right" was involved. *Id.* at

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1061-62; *see also id.* at 1057 ("Where no fundamental vested right is involved, the superior court's review is limited to examining the administrative record to determine whether the adjudicatory decision and its findings are supported by substantial evidence in light of the whole record."). Under the substantial evidence test, "[i]f the administrative record reveals the theory upon which the agency has arrived at its ultimate decision, the decision should be upheld so long as the agency found those facts that as a matter of law are essential to sustain the decision." *Id.* at 1058-59.

The appellant in *JKH Enterprises* conceded that there was at least some evidence in the record supporting the Department's decision, though it described this evidence as "minimal" and "short of substantial." *Id.* at 1066. The court rejected the appellant's description and proclaimed: "our review is limited to examining the whole administrative record to determine if the Department's findings and order are supported by substantial evidence[;] it is not our function to reweigh the evidence or the particular factors cited by the Department in support of its decision, to which we afford considerable deference." *Id.* Accordingly, the *JKH Enterprises* court's application of the *Borello* factors in the case was limited.

In contrast, to grant a plaintiff's summary adjudication motion as to misclassification under California law, the court must conclude that **no reasonable jury could find that the alleged employee was an independent contractor**. Absent this conclusion—which needs to be based on a thorough application of the *Borello* factors—the court cannot grant the Plaintiffs' motion. Under California law, "if reasonable people could differ on whether a worker is an employee or an independent contractor based on the evidence in the case, the question is not for a court to decide; it must go to the jury." *Cotter v. Lyft*, 60 F. Supp. 3d 1067, 1076 (N.D. Cal. 2015) (citing *Angelotti v. Walt Disney Co.*, 192 Cal. App. 4th 1394 (2011)). "This is true even if no significant dispute exists about the underlying facts, because the act of weighing and applying numerous intertwined factors, based on particular facts, is itself generally the job of the jury." *Id.* at 1076-77.

Thus, an ultimate question in the instant case is whether a reasonable jury could find that Mr. Mack was not Defendants' employee under California law. A jury could—and Defendants believe, would. Defendants accordingly maintain that summary adjudication with respect to Mr. Mack's misclassification claim under California law would be improper.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

## IV. KEY FACTS THAT SUPPORT DEFENDANTS' OPPOSITION WERE NOT PRESENT IN *JKH ENTERPRISES*.

Even absent the fundamental difference in procedural posture, *JKH Enterprises* would have limited relevance to the instant case because the facts are distinguishable. If anything, a close examination of the *JKH Enterprise* court's reasoning reveals that reasonable people could differ on whether Mr. Mack was Defendants' employee under California law.

The court in *JKH Enterprises* concluded that substantial evidence supported the Department's decision that JKH was exercising all necessary control over its operation, such that its drivers were employees under the California Workers' Compensation Act. *Id.* at 1064-65. The court rejected the appellant's contention that two cases—*Millsap v. Federal Express Corp.*, 227 Cal. App. 3d 425 (1991) ("*Millsap*"), and *State Compensation Insurance Fund v. Brown*, 32 Cal. App. 4th 188 (1995) ("*Brown*")—demanded a different result. *JKH Enterprises*, 142 Cal. App. 4th at 1065-66.

In factually distinguishing *Millsap*, the court emphasized that "the hiree in *Millsap*, who similarly made deliveries for the hirer, was paid on a per route, 'piecemeal' basis whenever he submitted invoices." *Id.* at 1065. In contrast, in *JKH Enterprises*, "the route drivers [were] paid on an hourly basis" and "all the drivers receive[d] their pay on regularly scheduled paydays." *Id.* Similarly, in factually distinguishing *Brown*, the court emphasized that "[t]he truck drivers [in *Brown*] made substantial capital investment in their own trucks, and they were paid on a job by job basis." *Id.* at 1066. "The totality of these circumstances led the court [in *Brown*] to conclude that there was no employment relationship and that the truck drivers were entrepreneurial and truly independent contractors." *Id.*

An obvious distinction between the facts in *JKH Enterprises* and those in the instant case is that the owner-operators in the instant case, including Mr. Mack, were paid on a job-by-job basis like the drivers in *Millsap* and *Brown*. (*See, e.g.*, Dkt. 245 at 20.) The owner-operators here also made substantial capital investments in their vehicles. For example, Mr. Mack invested in two vans specifically for his business use, and at one point even rented a vehicle to provide services. (Dkt. 245 at 22.)

Finally, and perhaps most crucial, the owner-operators here entered into independent contractor agreements that thoroughly detailed the rights and responsibilities of each party. *See Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal. 4th 522, 535 (2014) (where the parties have entered into a written contract, determining the extent of the alleged employer's legal right to control "without full examination of the contract will be virtually impossible"). Pursuant to these agreements, Defendants had "no right to direct or control the details or methods by which the Contractor perform[ed] [their] services." (Dkt. 245 at 17.) These agreements also acknowledged the owner-operators' control over their profitability by hiring employees and using substitute drivers. (*Id.*) Further, neither the owner-operators nor Defendants had an unqualified right to terminate their agreements, a fact which is inconsistent with an employment relationship. (*Id.* at 18.)

In contrast, the drivers in *JKH Enterprises* had only filled out a form and application simply acknowledging their status as independent contractors. 42 Cal. App. 4th at 1050 n.2. JKH had no contractual restriction over its control over the drivers. Moreover, there is no indication that any driver in *JKH Enterprises* had hired helpers. Here, however, Mr. Mack hired two individuals to help him fulfill his contractual obligations to Defendants. (Dkt. 245 at 21.) There is also no indication that JKH was restricted in ending its relationship with its drivers, unlike in the instant case.

Thus, unlike the situation presented in *JKH Enterprises*, (1) Mr. Mack executed an independent contractor agreement that maintained his discretion to fully control the details by which he provided services, (2) Mr. Mack was paid on a per-route basis, (3) Mr. Mack ran his business through the use of multiple vehicles that he purchased and rented that were operated by individuals he himself engaged, and (4) both Mr. Mack and Defendants were contractually prohibited from immediately ending their relationship without cause. Given the facts of this case, Defendants again submit that it would not be unreasonable for a jury to determine that Mr. Mack was correctly classified as an independent contractor.

## V. CONCLUSION

For the foregoing reasons, Defendants aver that *JKH Enterprises* is too procedurally and factually distinguishable to have much relevance to the instant case. If anything, a close examination of the *JKH Enterprises* only provides further support for denying Plaintiffs' Motion.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Dated: April 18, 2017

*/s/ Byung-Kwan Park*
ROBERT G. HULTENG
AURELIO J. PÉREZ
BYUNG-KWAN PARK
LITTLER MENDELSON, P.C.
Attorneys for Defendants
VELOCITY EXPRESS, LLC, TRANSFORCE, INC., and DYNAMEX OPERATIONS EAST, LLC

Firmwide:147074986.4 064752.1003

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS.' SUPPLEMENTAL BRIEFING 6 Case No. 3:12-cv-05790-JST