ROBERT G. HULTENG, Bar No. 071293
rhulteng@littler.com
AURELIO J. PÉREZ, Bar No. 282135
aperez@littler.com
BYUNG-KWAN PARK, Bar No. 306719
bpark@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone: (415) 433-1940
Fax: (415) 399-8490

Attorneys for Defendant
VELOCITY EXPRESS, LLC, TRANSFORCE,
INC., and DYNAMEX OPERATIONS EAST, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILLIP FLORES and DARAH DOUNG, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VELOCITY EXPRESS, LLC a wholly-owned subsidiary of Dynamex Operations East, LLC, TRANSFORCE, INC., and DYNAMEX OPERATIONS EAST, LLC,<br><br>Defendants. | Case No.  3:12-cv-05790-JST<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING WORK PERFORMED AND EXPENSES INCURRED BY WORKERS**<br><br>Complaint Filed:          Nov. 9, 2012<br>1st Amended Complaint Filed:   Jan. 8, 2013<br>2nd Amended Complaint Filed:  July 18, 2013<br>3rd Amended Complaint Filed:  Mar. 28, 2014<br>4th Amended Complaint Filed:  June 26, 2014<br><br>Date:    June 7, 2017<br>Time:    8:30 A.M.<br>Place:   Courtroom 9, 19th Floor<br>Judge:   Hon. Jon. S. Tigar |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFS' MIL NO. 1 TO EXCLUDE EVD. OF
WORK PERFORMED AND EXPENSES
INCURRED BY WORKERS

Case No. 3:12-cv-05790-JST

1

## NOTICE OF MOTION *IN LIMINE*

2        PLEASE TAKE NOTICE THAT on June 7, 2017 at 8:30 A.M. or as soon thereafter

3  as the matter may be heard, in Courtroom 9 of the United States District Court for the Northern

4  District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, 19th Floor,

5  San Francisco, CA 94102, Defendants Velocity Express, LLC, TransForce, Inc., and Dynamex

6  Operations East, LLC (collectively, "Defendants" or "Velocity") will, and hereby do, move this

7  Court for an Order excluding evidence of work not personally performed and/or expenses not

8  personally incurred by Plaintiffs. *See* Fed. R. Evid. 403.

9        This Motion is based upon this Notice of Motion and Motion, the accompanying

10  Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon

11  such other matters as may be presented to the Court at the time of the hearing on this Motion.

12

## MEMORANDUM OF POINTS AND AUTHORITIES

13 **I.    INTRODUCTION**

14        Plaintiffs are limited to recovering damages that they *personally* incurred. Such damages

15  could include unpaid overtime premiums for hours they personally worked and, for Mr. Mack,

16  reimbursement for expenses he personally incurred. These damages should not include unpaid wages to

17  other individuals – such as those Mr. Mack engaged to make deliveries – nor expenses beyond those Mr.

18  Mack personally incurred for the services he personally provided. Accordingly, through this Motion *in*

19  *Limine*, Defendants seek an Order from this Court precluding Plaintiffs, counsel for Plaintiffs, and

20  any witnesses from introducing evidence or argument relating to work not personally performed

21  and/or expenses not personally incurred by either Plaintiff.

22 **II.    LEGAL ARGUMENT**

23        Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Evidence is relevant if it has

24  the "tendency to make a fact more or less probable than it would be without the evidence" and "the

25  fact is of consequence in determining the action." Fed. R. Evid. 401.

26        Any evidence related to the work performed by anyone other than Plaintiffs (such as

27  hours worked or unreimbursed expenses incurred) has no bearing on Plaintiffs' damages. Plaintiff

28  Mack had two individuals help him fulfill his contractual obligations with Velocity. (Mack Dep.

DEFS' MIL NO. 1 TO EXCLUDE EVD. OF
WORK PERFORMED AND EXPENSES       1.       Case No. 3:12-cv-05790-JST
INCURRED BY WORKERS

41:25-42:13; 45:24-46:7.)  Mr. Mack's two workers are not parties to the bellwether trial, and Plaintiffs are not entitled to recover amounts related to work performed by them.  Thus, evidence relating to expenses of Mr. Mack's workers is irrelevant and must be excluded.  Indeed, the Labor Code limits Plaintiff Mack's recovery to work personally performed.  Specifically, California's Labor Code defines wages as "all amounts for *labor performed by employees* of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Cal. Lab. Code § 200(a) (emphasis added).  The Labor Code defines "labor" as "labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is *performed personally by the person demanding payment.*" Cal. Lab. Code § 200(b) (emphasis added).  Payments for work to be performed by someone other than the person demanding payment are not "wages."  Similarly, under California Labor Code section 2802, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses *incurred by the employee* in direct consequence of the discharge of his or her duties . . . ." (emphasis added).  *See also Villalpando v. Exel Direct Inc.*, 161 F. Supp. 3d 873, 881 (N.D. Cal. 2016) (agreeing that misclassified delivery drivers could recover damages only for services personally provided).

Plaintiffs have no right to recover damages from Velocity beyond those that arose from their personal provision of services to Velocity.  Evidence of Plaintiff Mack's workers is inadmissible because it is irrelevant to whether Mr. Mack is owed wages or expenses relating to his personal labor.  Consequently, Plaintiffs should be precluded from introducing evidence pertaining to damages and expenses they do not have a right to recover.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court issue an order precluding Plaintiffs, counsel for Plaintiffs, and any witnesses from testifying about, introducing evidence of, or arguing about work performed and expenses incurred by Plaintiffs' workers for purposes of damages.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MIL NO. 1 TO EXCLUDE EVD. OF
WORK  PERFORMED  AND  EXPENSES
INCURRED BY WORKERS                           2.                    Case No. 3:12-cv-05790-JST

1    Dated: May 19, 2017                    /s/ Aurelio Pérez_____
                                            ROBERT G. HULTENG
2                                           AURELIO J. PÉREZ
                                            BYUNG-KWAN PARK
3                                           LITTLER MENDELSON, P.C.
                                            Attorneys for Defendants
4                                           VELOCITY EXPRESS, LLC,
                                            TRANSFORCE, INC., and DYNAMEX
5                                           OPERATIONS EAST, LLC

6

7
     Firmwide:147609846.2 064752.1003
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS' MIL NO. 1 TO EXCLUDE EVD. OF
WORK    PERFORMED    AND    EXPENSES          3.
INCURRED BY WORKERS                                              Case No. 3:12-cv-05790-JST