ROBERT G. HULTENG, Bar No. 071293
rhulteng@littler.com
AURELIO J. PÉREZ, Bar No. 282135
aperez@littler.com
BYUNG-KWAN PARK, Bar No. 306719
bpark@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone: (415) 433-1940
Fax: (415) 399-8490

Attorneys for Defendant
VELOCITY EXPRESS, LLC, TRANSFORCE,
INC., and DYNAMEX OPERATIONS EAST, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILLIP FLORES and DARAH DOUNG, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>VELOCITY EXPRESS, LLC a wholly-owned subsidiary of Dynamex Operations East, LLC, TRANSFORCE, INC., and DYNAMEX OPERATIONS EAST, LLC,<br><br>Defendants. | Case No. 3:12-cv-05790-JST<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO CALCULATE PLAINTIFFS' REGULAR RATE BASED ON THE APPLICABLE MINIMUM WAGE**<br><br>Complaint Filed:             Nov. 9, 2012<br>1st Amended Complaint Filed:   Jan. 8, 2013<br>2nd Amended Complaint Filed:  July 18, 2013<br>3rd Amended Complaint Filed:  Mar. 28, 2014<br>4th Amended Complaint Filed:  June 26, 2014<br><br>Date:    June 7, 2017<br>Time:    8:30 A.M.<br>Place:   Courtroom 9, 19th Floor<br>Judge:   Hon. Jon. S. Tigar |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MIL NO. 3 TO CALCULATE THE
REGULAR RATE BASED ON THE
MINIMUM WAGE

Case No. 3:12-cv-05790-JST

## NOTICE OF MOTION *IN LIMINE*

PLEASE TAKE NOTICE THAT on June 7, 2017 at 8:30 A.M. or as soon thereafter as the matter may be heard, in Courtroom 9 of the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, Defendants Velocity Express, LLC, TransForce, Inc., and Dynamex Operations East, LLC (collectively, "Defendants" or "Velocity") will, and hereby do, move this Court for an Order that Plaintiffs' regular rate of pay be calculated based on the applicable minimum wage and the 0.5 multiplier.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Plaintiffs' expert, Dr. Sherman, calculated the overtime payment due to Mr. Mack based on wage rates ranging $11.33 to $31.20. Defendants maintain that only the minimum wage rate should be applied by this Court to calculate overtime damages incurred by Mr. Mack.

Further, Dr. Sherman's application of the 1.5 multiplier incorrectly inflates Plaintiffs' damages because the negotiated rate they received was intended to compensate vendors for the work – irrespective of the amount of time Plaintiffs spent on the work.

Through this Motion *in Limine*, Defendants seek an Order from this Court that Mr. Mack's regular rate of pay be calculated based on the applicable minimum wage and the correct multiplier that the Court should apply to both Plaintiffs overtime damages is 0.5. Because this is an issue of critical importance to this action, and in order to increase the efficiency of the trial in this matter, this Court should determine the proper calculation of the Plaintiffs' regular rate of pay prior to the trial in this matter.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFS' MIL NO. 3 TO CALCULATE THE REGULAR RATE BASED ON THE MINIMUM WAGE — 1. — Case No. 3:12-cv-05790-JST

## II. LEGAL ARGUMENT

### A. Mr. Mack Has No Evidence Of Any Contractual Wage Rate.

In California, it is well established that an employer must pay its employees at either the statutory or agreed-upon rate. *See Armenta v. Osmose*, 135 Cal. App. 4th 314, 323 (2005) (explaining that Labor Code sections 221, 222 and 223 articulate this principal). In the absence of any contract to pay a certain hourly wage, then by definition, an employer's obligation is to pay the minimum wage. By choosing a rate other than the applicable California minimum wage, this Court would in essence set a contractual rate between Velocity and Mr. Mack above anything that was ever agreed to. *Quezada v. Con-Way Freight, Inc.*, No. C 09-03670 JW, 2013 WL 11089798 at *2 (N.D. Cal. Dec. 16, 2013) (explaining that to require defendant to compensate its employees at a particular hourly rate would be to "reform its contracts with its employees"). The Court has no authority to create or permit a factfinder to create a new contract of compensation between Velocity and Mr. Mack. *Id*. Thus, this Court should reject any rate that the parties have not agreed to use and should find that any overtime compensation should be based on the minimum wage.

### B. Application Of The California Minimum Wage Is Legally Mandated.

In the absence of any specific agreement to pay a specific hourly rate, the Court must default to the California minimum wage rate. *Quezada v. Con-Way Freight, Inc.*, No. C 09-03670 JW, 2013 WL 11089798 at *2 (N.D. Cal. Dec. 16, 2013) (holding minimum wage applies in absence of contracted wage rate). In the *Quezada* case, plaintiffs sued defendant contending that the piece rate compensation for driving violated California law because it did not compensate plaintiffs for non-driving activities. *Id*. Defendant did not provide compensation at any hourly rate for the non-driving activities at issue in *Quezada*. Consequently, the Court held that "[i]n the absence of an agreement setting an hourly rate for these specific activities, the Court must turn to California's minimum wage law to determine the remedy." *Id*. The Court further explained that in the absence of any agreement to pay drivers a specific hourly rate, the Court was not authorized to impose a higher contractual rate and instead must apply the applicable California minimum wage. *Id*.

Here, Mr. Mack cannot point to an agreed-to hourly rate. Thus, the Court should default to the applicable California minimum wage in determining any overtime damages.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFS' MIL NO. 3 TO CALCULATE THE REGULAR RATE BASED ON THE MINIMUM WAGE

2.

Case No. 3:12-cv-05790-JST

### C. The Court Should Use A 0.5 Multiplier For Any Overtime Damages

This Court should use a 0.5 multiplier when determining overtime damages because the compensation that Defendants have provided Plaintiffs was intended to compensate Plaintiffs for the entirety of each work order – irrespective of who performed the work. Thus, to the extent that Plaintiffs worked overtime, the amount of pay they have been denied is the 0.5 overtime premium.

Here, Plaintiffs seek "unpaid overtime pay calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rate"[1] However, Plaintiffs admit that they are paid a "route settlement" for each delivery made. In short, the amount Plaintiffs were intended to be compensated for was for the entirety of the work they performed – irrespective of whether that work required Plaintiffs to work overtime. As such, Plaintiffs – as employees – have not been completely deprived compensation for any overtime they worked but, rather, have only been denied the overtime premiums to which they would otherwise be entitled. For example, if a Plaintiff was paid $2,000 dollars for all the deliveries he made over a 50-hour week, there is no basis to assume that this compensation was intended to cover only 40 hours of work as opposed to 50 hours. While overtime premiums are still owed in this situation, the appropriate measure of damages is the 0.5 overtime premium itself.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court calculate the regular rate using the then applicable minimum wage and the 0.5 overtime multiplier.

Dated: May 19, 2017

/s/ Aurelio Pérez
ROBERT G. HULTENG
AURELIO J. PÉREZ
BYUNG-KWAN PARK
LITTLER MENDELSON, P.C.
Attorneys for Defendants
VELOCITY EXPRESS, LLC,
TRANSFORCE, INC., and DYNAMEX
OPERATIONS EAST, LLC

Firmwide:147652468.2 064752.1003

---

[1] *See* ECF 1, Case 4:17-cv-02623-DMR (5.5.17 Complaint, Prayer, ¶ D).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFS' MIL NO. 3 TO CALCULATE THE REGULAR RATE BASED ON THE MINIMUM WAGE    3.    Case No. 3:12-cv-05790-JST