UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FLORES, ET AL.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>VELOCITY EXPRESS, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 12-cv-05790-JST<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS OPT-IN PLAINTIFFS WITHOUT PREJUDICE FOR FAILURE TO RESPOND TO DISCOVERY**<br><br>Re: ECF No. 268 |

Before the Court is Defendants Velocity Express, LLC ("Velocity"), TransForce, Inc. ("Transforce"), and Dynamex Operations East, LLC's ("Dynamex") Motion to Dismiss Opt-In Plaintiffs Without Prejudice for Failure to Respond to Discovery. ECF No. 268. The Court will grant the motion in part and deny it in part.

I.　**BACKGROUND**

This case is a collective action under the Fair Labor Standards Act ("FLSA") and a putative class action pursuant to California's Labor Code and Unfair Competition Law. ECF No. 1 ¶ 1. Plaintiffs allege that Defendants misclassified their delivery drivers as independent contractors when they were, in fact, employees. ECF No. 140 ("FAC") ¶ 3. Because of this misclassification, Plaintiffs allege that Velocity Express failed to pay Plaintiffs minimum wages and overtime. Id. ¶¶ 2, 3.

On June 3, 2013, the Court conditionally certified a collective action under the FLSA. ECF No. 57. On April 16, 2015, the Court granted partial summary judgment for Plaintiffs on the issue of successor liability as to Defendants TransForce and Dynamex, but denied Plaintiffs' motion for partial summary judgment as to Defendants' joint-employer status.[1] ECF No. 156. On

---

[1] Velocity is now defunct. ECF No. 150 at 1. Velocity has since been purchased by Defendant Dynamex, a subsidiary of Defendant Transforce. Id. at 5-6.

September 24, 2015, the Court entered the parties' proposed case management order, adopting a "Plaintiff Questionnaire Process ('PQP' or 'PQ') [which] will allow the Parties to quickly ascertain those Opt-in Plaintiffs who truly wish to litigate their respective claims and, equally important[ly], whether those claims are capable of class treatment." ECF No. 187 at 2. The parties agreed that this process would assist them in identifying bellwether plaintiffs. Id. The Court approved the proposed PQ that the parties jointly submitted. ECF No. 186.

The Court's case management order provided that "[i]n completing the PQ, every Plaintiff is required to provide <u>a PQ that is complete in all respects</u>; thus, the responding Plaintiff must answer <u>all questions contained in the PQ</u> to the best of his or her ability . . . and do so under oath." ECF No. 187 at 3 (emphasis added). The Court set out the process for dealing with incomplete or non-returned PQs:

> In the event an individual Opt-in fails to return a PQ to Plaintiffs' Counsel within the 90 day period, their case will be dismissed without prejudice. Following the completion of the PQ process, and the receipt of all PQs from Plaintiffs' counsel, the Parties shall meet and confer regarding PQs which Defendant believes to be materially insufficient. Plaintiffs shall have thirty (30) days to cure any deficiency following the meet and confer. In the event that agreement cannot be reached on whether a Plaintiff should be dismissed over an insufficient PQ response, Defendants shall file a motion for dismissal with the Court by no later than thirty (30) days following the receipt from Plaintiffs' counsel of the cured PQ.

Id.

On June 6, 2016, Defendants sent a letter to Plaintiffs identifying roughly thirty deficient PQs. ECF No. 268-2 at 1-2. After the meet and confer process, the PQs for 11 Opt-in Plaintiffs remained in dispute: Worley Harris Jr., Kristen Raymond, Kabedeh Tucker, Keith Hall, Hellen Pen, Abdul Samad, Alexander Agyemang, Douglas Jaime, Anton Montague, Alpha Toure, and Donnie Joe Pruitt.[2] ECF No. 268 at 3. Defendants now seek dismissal of these Plaintiffs without prejudice pursuant to the Court's case management order and Federal Rule of Civil Procedure 37.

---

[2] Defendants' seek dismissal of Opt-in Plaintiff "Kabode Tucker." ECF No. 268 at 1. Plaintiffs "do not have a record of a Kabode Tucker and believe Defendants are referring to Opt-in Kabedeh Tucker." ECF No. 276 at 2, n. 2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2), authorizes a district court to dismiss an action or proceeding in whole or in part if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2); see also Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) ("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules."). "Dismissal, however, is authorized only where the failure to comply is due to willfulness, bad faith, or fault of the party."[3] Wyle, 709 F.2d at 589.

## III. DISCUSSION

Plaintiffs do not dispute that four of the eleven Opt-in Plaintiffs at issue in this motion – Worley Harris Jr., Kristen Raymond, Kabedeh Tucker, and Keith Hall – did not answer any questions in their PQs, and that the PQs for four other Opt-in Plaintiffs – Hellen Pen, Abdul Samad, Douglas Jaime, and Alpha Toure – are materially deficient. ECF No. 268 at 4; see ECF No. 276 at 2, 5-8. Plaintiffs therefore do not oppose the motion as to these Opt-in Plaintiffs. See ECF No. 276 at 2 ("The undersigned reserves all rights to re-file the actions on behalf of Harris, Raymond, Tucker, Hall, Pen, Samad, Jaime, and Toure.").

Not only did these eight Plaintiffs fail to submit a completed PQ as ordered by the Court, but they also failed to respond to inquiries by Plaintiffs' counsel. ECF No. 276 at 5-8 (describing counsel's failed efforts to follow-up with Opt-in Plaintiffs regarding incomplete PQs). As these Plaintiffs failed to comply with the Court's Order despite the efforts of their counsel, the Court assumes that they no longer wish to participate in this litigation. The Court will therefore dismiss Plaintiffs Harris, Raymond, Tucker, Hall, Pen, Samad, Jaime, and Toure without prejudice. Fed. R. Civ. P. 37(b)(2); Wyle, 709 F.2d at 589 (dismissal proper where failure to provide discovery or

---

[3] The Ninth Circuit has "identified five factors that a district court must weigh in determining whether to dismiss a case as a punitive measure: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" U.S. for Use and Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988) (quoting Malone v. United States Postal Service, 833 F.2d 128, 1130 (9th Cir. 1987)). However, the Court "need not make explicit findings regarding these factors." Id.

comply with court order is the fault of a party).

Plaintiffs oppose the motion to dismiss as to Opt-in Plaintiffs Anton Montague, Donnie J. Pruitt, and Alexander Agyemang. Defendants argue that Montague should be dismissed because he "did not answer 29 substantive questions (i.e., > 70%)" and "could only remember and provide responses to 11 of the 40 (i.e., < 30%) substantive questions." ECF No. 268 at 5. Similarly, Defendants argue that Pruitt should be dismissed because he "did not answer 26 (i.e. 65% ) of the substantive questions" and "only could remember and provide responses to 14 of the 40 (i.e., 35%) of the substantive questions." Id. Defendants argue that Agyemang should be dismissed because his PQ either did not have a substantive response or stated "Do Not Remember" for 36 of the substantive questions. Id. Defendants contend that the lack of substantive responses "makes it impossible for the Court to determine whether the Opt-ins are similarly situated such that they should proceed collectively in the action or, even assuming similarity, to determine misclassification and damages." Id.

Plaintiffs, while acknowledging that the PQs of Montague and Pruitt are incomplete, nevertheless contend that these plaintiffs should not be dismissed because "they contain enough information to determine whether they are similar to the rest of the collective." ECF No. 276 at 3. Plaintiffs note Montague's PQ shows that he: "had a delivery route with Velocity, used a scanner and wore a uniform while providing services, was required to verify deliveries and pickups verbally and in written form, and was required to sort packages at the Velocity warehouse without being paid for that time." ECF No. 276. Similarly, Pruitt's PQ shows that he: "had a delivery route with Velocity, was paid per route, had Velocity signage on the delivery vehicle, wore a uniform while providing services, was required to verify deliveries and pickups verbally and in written form, and was required to sort packages at the Velocity warehouse without being paid for that time." Id. at 4, citing ECF No. 4. Plaintiffs argue that these facts "were some of the most important factors going to Velocity's control over its drivers when providing employment status at the summary judgment stage of this litigation," and that much of the other information sought by the PQ is in the driver files that Defendants have in their possession and have produced. Id. at 3-4. Plaintiffs argue that Agyemang should not be dismissed because he is deceased, and his wife, who

4

completed the PQ on his behalf, is his personal representative and should be able to pursue his claim against Velocity. ECF No. 276 at 4. Plaintiffs suggest that counsel meet and confer to discuss substitution of parties for deceased Opt-in Plaintiffs. <u>Id.</u>

Defendants respond that "Montague has not provided any position on . . . whether he entered into an independent contractor agreement with Velocity; whether he ever interacted with a manager or a supervisor at Velocity; how his relationship with Velocity began; how he got paid for his services; or whether anyone at Velocity provided feedback." ECF No. 284 at 4. Defendants note that "[n]either Party knows whether Pruitt ever spoke with anyone at Velocity before providing services, whether he ever interacted with a manager or supervisor at Velocity, whether he ever received training at Velocity, and whether anyone at Velocity provided him with feedback regarding the quality of his services, among others." <u>Id.</u> at 4. With respect to Agyemang, Defendants do not dispute that his widow may pursue his claim, but argue that "she will be unable to provide meaningful answers to most of the PQ questions." <u>Id.</u> at 5.

The Court first considers the cases of Opt-in Plaintiffs Montague and Pruitt. ECF Nos. 281-7, 281-9. The Court has reviewed the PQs of these Opt-in Plaintiffs and finds them to be materially deficient. At first glance, it is hard to see any portion of the PQs that Mr. Montague and Mr. Pruitt actually completed. The PQs fail to provide even basic information about the Plaintiffs' work for Velocity. For example, Mr. Montague did not answer questions such as how his relationship with Velocity began (<u>i.e.</u> whether he contacted Velocity or vice versa), whether he signed an independent contractor agreement, whether Velocity provided him any training, whether he interacted with any managers or supervisors, whether he was compensated via paper check or direct deposit, whether he worked a fixed or variable schedule, or whether Velocity provided him health or other benefits. ECF No. 281-7. Similarly, Mr. Pruitt did not answer questions about how his employment with Velocity began, whether Velocity provided him any training, whether he interacted with any managers or supervisors, whether he was compensated via paper check or direct deposit, whether he worked a fixed or variable schedule, or whether Velocity provided him health or other benefits. ECF No. 281-9.

The parties stipulated to the form of the PQ and the case management order that the Court

ultimately adopted. In doing so, the parties agreed that the PQ process and the questions in the agreed PQ were both necessary and sufficient to develop the information required to resolve the case. ECF No. 187 at 2 ("Plaintiff Questionnaire Process ('PQP' or 'PQ') will allow the Parties to quickly ascertain those Opt-in Plaintiffs who truly wish to litigate their respective claims and, equally important[ly], whether those claims are capable of class treatment."), 3 ("In completing the PQ, every Plaintiff is required to provide a PQ that is complete in all respects; thus, the responding Plaintiff must answer all questions contained in the PQ to the best of his or her ability . . . and do so under oath."). Plaintiffs Montague and Pruitt failed to provide important information relevant to their claim, let alone provide a PQ that is "complete in all respects." And both Montague and Pruitt failed to respond to inquiries from their counsel, suggesting that they have no interest in pursuing their claims. Accordingly, based on the process the parties agreed on and the Court ordered, their claims must be dismissed without prejudice.[4] Fed. R. Civ. P. 37(b)(2).

The Court finds that the PQ of Plaintiff Agyemang, on the other hand, is sufficient to survive dismissal at this stage given the fact that it was completed by Mr. Agyemang's widow. As Plaintiffs note – and Defendants do not dispute – a FLSA claim is not extinguished by death of the plaintiff. Veliz v. Cintas Corp., No. C 03-1180 RS, 2008 WL 2811171, at *2 n. 2 (N.D. Cal. July 17, 2008) ("As there is ample case law to support it, it is uncontested that Anthony Holmes' [FLSA] claims did not extinguish upon his death."). Dismissing Mr. Agyemang's claim because his widow is unable to provide a complete PQ would effectively extinguish his claim due to his death, which the Court declines to do. The Court therefore denies the motion as to Mr. Agyemang.

/ / /

/ / /

/ / /

/ / /

---

[4] As Defendants note, should Montague or Pruitt respond to counsel's inquiries and decide to pursue their claims, they can do so in a subsequent lawsuit, as the dismissal will be without prejudice. ECF No. 284 at 4.

**CONCLUSION**

The Court grants the motion to dismiss as to Opt-in Plaintiffs Harris, Raymond, Tucker, Hall, Pen, Samad, Jaime, Toure, Montague, and Pruitt without prejudice. The Court denies the motion to dismiss as to Opt-in Plaintiff Agyemang.

IT IS SO ORDERED.

Dated: August 8, 2017

JON S. TIGAR
United States District Judge