UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FLORES, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> VELOCITY EXPRESS, LLC, et al., <br><br> Defendants. | Case No.12-cv-05790-JST <br><br> **ORDER GRANTING MOTION TO DISMISS CHARLES CHAMBERS FOR FAILURE TO PROSECUTE** <br><br> Re: ECF No. 268 |

Before the Court is Defendants Velocity Express, LLC, TransForce, Inc., and Dynamex Operations East, LLC's (collectively, "Defendants") Motion to Dismiss Charles Chambers for Failure to Prosecute. ECF No. 269. The Court will grant the motion.

## I. BACKGROUND

This case is a collective action under the Fair Labor Standards Act ("FLSA") and a putative class action pursuant to California's Labor Code and Unfair Competition Law. ECF No. 1 ¶ 1. Plaintiffs allege that Defendants misclassified their delivery drivers as independent contractors when they were, in fact, employees. ECF No. 140 ("FAC") ¶ 3. Because of this misclassification, Plaintiffs allege that Velocity Express failed to pay Plaintiffs minimum wages and overtime. Id. ¶¶ 2, 3.

On June 3, 2013, the Court conditionally certified a collective action under the FLSA. ECF No. 57. On April 16, 2015, the Court granted partial summary judgment for Plaintiffs on the issue of successor liability as to Defendants TransForce and Dynamex, but denied Plaintiffs' motion for partial summary judgment as to Defendants' joint-employer status.[1] ECF No. 156.

The parties proposed, and the Court approved, a process for selecting Bellwether Plaintiffs

---

[1] Velocity is now defunct. ECF No. 150 at 1. Velocity has since been purchased by Defendant Dynamex, a subsidiary of Defendant Transforce. Id. at 5-6.

– the members of the collective whose trials would proceed first. ECF No. 188. Under this process, each of Plaintiffs, Defendants, and the Court were to select one of the Bellwether Plaintiffs. Id. at 3. Defendants selected James Mack and Plaintiffs selected Claude Boconvi as Bellwether Plaintiffs. ECF Nos. 224, 226. On January 11, 2017, the Court selected Charles Chambers, one of two other candidates identified by Defendants, as the third Bellwether Plaintiff. ECF No. 237.

By all accounts, Mr. Chambers was an active participant in the litigation. He completed a Plaintiff Questionnaire (PQ) in January 2016, ECF No. 231-4, and sat for a deposition in October 2016, ECF No. 242-25. In February 2017, Plaintiffs' counsel contacted Mr. Chambers to let him know that he had been selected as a Bellwether Plaintiff, and that the trial would likely be set for June or July of 2017. ECF No. 279 at 2. Mr. Chambers informed Plaintiffs' counsel that he may be unavailable at that time due to "extenuating family circumstances." Id. Plaintiffs' counsel informed Defendants and the Court of Mr. Chambers' unavailability. Id. On April 24, 2017, the Court granted summary judgment as to Bellwether Plaintiffs Mack, Boconvi, and Chambers on the issues of misclassification and willfulness, leaving only the damages amount to be determined. ECF No. 260. On May 2, 2017, the Court set a bench trial on damages in the Boconvi and Mack cases for June 12, 2017.[2] ECF No. 263. Despite multiple calls, e-mail messages, and letters, Plaintiffs' counsel has been unable to contact Mr. Chambers since their February phone conversation. ECF No. 279 at 2.

## II.     LEGAL STANDARD

A district court may dismiss an action for failure to prosecute under Federal Rule of Civil Procedure 41(b). A district court, however, "is required to weigh several factors in determining whether to dismiss a case for lack of prosecution. These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. There must also be a showing of unreasonable delay.

---

[2] Shortly before trial, the parties reached a settlement regarding the judgment amount in these cases, thus obviating trial. Case No. 17-cv-02623, ECF No. 35.

The district court is not required to make explicit findings on the essential factors." Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir.1996) (internal citations and quotation marks omitted). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir.1998) (citation and internal quotation marks omitted).

## III.   DISCUSSION

Defendants contend that "Mr. Chambers has demonstrated his unwillingness to serve in his role as a court-ordered bellwether or, more generally, to prosecute his claims," and therefore should be dismissed with prejudice. ECF No. 269 at 2. They argue that, to effectively manage its docket, the Court must dismiss Mr. Chambers because his "lack of communication with his counsel, coupled with the doubt surrounding his attendance at trial pose a substantial threat to the pace of the litigation." Id. at 4. They note that with the setting of trial for Boconvi and Mack, the litigation "has already moved on without" Chambers. Id. Defendants argue that allowing Mr. Chambers' case to proceed when they have devoted their resources to preparing to litigate the cases of Boconvi and Mack would be unduly prejudicial (though this consideration is obviously lessened in view of their subsequent settlement of these cases before trial). Id. Defendants contend that in view of Mr. Chambers' disappearance and non-cooperation with his counsel, and given the stage of this case, there is no less drastic sanction available. Id. Finally, Defendants argue there is no public interest in resolving Mr. Chambers' case, as there are two other representative Plaintiffs, and "Mr. Chambers will simply no longer serve as the third representative of [the] claims" of the collective. Id. at 4-5.

Plaintiffs do not dispute that Mr. Chambers has failed to participate in this litigation, and provide no evidence of his desire to continue to prosecute his claims. See ECF No. 279 at 3. However, they advocate for a less drastic solution to dismissal: "wait[ing] until Chambers is able to inform Counsel about his extenuating circumstances and gauge his availability for trial on damages at a later date." Id. They argue that Defendants would not be prejudiced by delay, as all that needs to be resolved with respect to Mr. Chambers is damages, which may ultimately not require a trial at all given the resolution of the Boconvi and Mack matters. Id.

3

1    Defendants dispute Plaintiffs' contention that they would not be prejudiced by delay. They
2    note that based on Mr. Chambers' disappearance, "Defendants have lost the opportunity to prove
3    that Chambers never provided services for more than 40 hours a week and, as such, has no
4    overtime damages under the Fair Labor Standards Act." ECF No. 285 at 3. Defendants point out
5    that allowing Mr. Chambers to pursue his claims after failing to participate in the case for months
6    would incent other Opt-in Plaintiffs to delay in pursuing their case and defy Court orders, with no
7    concern about the potential consequences of doing so. Id. at 4.
8    Upon consideration of the relevant factors, the Court finds that this case should be
9    dismissed. The Court granted summary judgment on the issues of misclassification and
10   willfulness, and all that Mr. Chambers had to do was to attend a trial on damages, which he failed
11   to do. And neither Mr. Chambers nor Plaintiffs' counsel has provided any reasonable explanation
12   for Mr. Chambers' apparent abandonment of his claims. Mr. Chambers' failure to communicate
13   with his attorneys for nearly four months despite their numerous phone calls, emails, and letters
14   indicates that he has no interest in pursuing his claims. The Court, the parties, and the public have
15   an interest in expeditious resolution of this case, which has been pending for five years.
16   Defendants, in particular, have an interest in prompt resolution of the claims and certainty as to
17   their potential liability. The Court finds that they would be prejudiced by having to wait for Mr.
18   Chambers to reappear, particularly when there is no guarantee he will ever do so. Thus, the Court
19   finds that the first three factors – (1) the public's interest in expeditious resolution of litigation, (2)
20   the Court's need to manage its docket, and (3) the risk of prejudice to defendants – support
21   dismissal. The Court can think of no less drastic sanction other than dismissal at this late stage in
22   the case. In particular, the Court rejects Plaintiffs' suggested "viable alternative" solution of
23   simply waiting indefinitely for Mr. Chambers to contact his counsel. Henderson v. Duncan, 779
24   F.2d 1421, 1425 (9th Cir. 1986) (district court did not abuse its discretion in dismissing with
25   prejudice for failure to prosecute claims, where party's failure to comply with deadlines resulted in
26   "inordinate delay in the expeditious resolution of litigation, and prejudice to the court's need to
27   manage its docket," noting that failing to enforce court orders jeopardizes "the integrity of the
28   district court"); Thomas v. California Victim Comp. Program, No. CV1607653JLSRAO, 2017

WL 1508558, at *3 (C.D. Cal. Mar. 13, 2017), report and recommendation adopted, No. CV1607653JLSRAO, 2017 WL 1505590 (C.D. Cal. Apr. 24, 2017) ("The Court deems it imprudent to wait any longer for Plaintiff to exhibit an interest in prosecuting this action with the requisite amount of diligence."). These factors outweigh the public policy favoring disposition of cases on their merits, particularly given that none of the proposals before the Court provide a predictable path toward such disposition.

## CONCLUSION

Defendants' motion to dismiss for failure to prosecute is granted. Plaintiff Charles Chambers is dismissed with prejudice.

IT IS SO ORDERED.

Dated: August 11, 2017

_____
JON S. TIGAR
United States District Judge