| |
|---|
| **THIS IS A CONFIDENTIAL COMMUNICATION THAT IS PROTECTED FROM DISCLOSURE BY THE ATTORNEY/CLIENT PRIVILEGE, THE ATTORNEY WORK-PRODUCT DOCTRINE, AND FEDERAL RULE OF EVIDENCE 408.** |

[DATE], 2018
[Client First Name] [Client Last Name]
Client Address
City, State Zip Code

RE:   **NOTICE OF SETTLEMENT** – *Phillip Flores and Darah Doung, et al. v. Velocity Express, LLC, et al.*

<u>**TIME SENSATIVE DEADLINE: NOVEMBER 14, 2018**</u>

Dear [CLIENT]:

Greetings! As you know, your case against Velocity Express has lasted a very long time. As your attorneys, we fought tirelessly for the last six years because we believed in your case and were committed to obtaining a meaningful recovery for you. ***We are very pleased to report that after nearly six years of hard work, persistence, and constant pressure, we settled the case against Velocity Express for $4.75 million dollars!*** Because of your perseverance, you are one step closer to obtaining a settlement award. Your continued responsiveness and diligence will help us get this settlement across the finish line. ***This letter identifies the steps you need to take to ensure you receive your settlement award***. As always, we are grateful for your assistance.

*1.   HOW WILL THE TOTAL SETTLEMENT AMOUNT LIKELY BE DIVIDED?*

Your total individual settlement award will consist of a combination of 1099-Misc income, liquidated damages, and interest. We intend to ask the Court to assign one-third of your recovery as 1099-Misc income, one-third of your recovery as liquidated damages, and one-third as interest. Additionally, thirteen percent (13%) of the Settlement will be allocated to our California clients, who will receive an award for mileage and expense reimbursement

given California's unique state employment laws. We intend to ask the Court to award all drivers in this case $1,850,000.[1]

***How did we arrive at $1,850,000?*** As you may recall, we attended *three separate mediations* in an effort to resolve this case. In the last mediation, the Mediator proposed a "Mediator's Number." The "Mediator's Number" reflected the amount the Mediator believed was a fair and reasonable number for both sides based on the strength of our case, support within the law, and potential problems if the case were to be tried or appealed. Based on these factors, we believe $1,850,000 represents a fair compromise with Defendants to resolve the litigation of your behalf.

***How much will I receive?*** Because we do not know exactly how much of the total settlement amount the Court will award in attorneys' fees and costs, we cannot calculate your exact settlement award. That said, **we anticipate that your settlement award will likely exceed $75.00 per relevant workweek. Based on a review of data provided by Defendants and your answers to the Plaintiffs' Questionnaire, we have determined that you qualify for [##] of relevant weeks during your statutory period, and [##] of relevant California-only relevant weeks during your statutory period.**[2] A "relevant workweek" is considered any workweek you worked for Velocity Express within your FLSA statutory period. And, although the FLSA has a two-year statute of limitations, because we won summary judgment as to willfulness we were able to obtain *an extra year* of compensation for you under the law. Therefore, your "relevant workweeks" will be counted back up to three years *plus* 11 weeks from the date your Consent to Sue was filed in this case. For example, if your Consent to Sue was filed in this case on September 5, 2013, we could calculate your damages for any and all workweeks you worked back to June 20, 2010 (September 5, 2010 is three years back from the date the Consent to Sue was filed, plus 11 weeks back from that date).[3] Regardless of whether you have any relevant workweeks, all Plaintiffs will receive *at least* 3 weeks of damages. Based on this, we anticipate the ***average*** distribution will be approximately ***$4,400 for Non-California Drivers*** and ***$7,600 for California Drivers.***

---

[1] We intend to ask the Court to award attorneys' fees and costs totaling: $2,900,000. To date, our total attorneys' fees and costs are in excess of $4,000,000. Additionally, we anticipate incurring an additional $250,000 in fees and costs to ensure you receive your settlement payment. In short, we only intend to seek *approximately 67.5%* of all attorneys' fees and costs incurred to litigate this case.

[2] If you provided services for Velocity Express in California, this number also represents your eligible workweeks for California-specific damages.

[3] The additional eleven weeks resulted from a stipulation we entered with Defendants to toll the limitations period.

Please note, as part of this Settlement, the settlement payment will be reported on an IRS Misc. Form-1099. **PLEASE BE MINDFUL THAT BECAUSE PART OF THIS SETTLEMENT WILL BE CONSIDERED TAXABLE INCOME, YOU SHOULD CONSULT A TAX PROFESSIONAL IF YOU HAVE ANY QUESTIONS: 1) REGARDING HOW TO APPROPRIATELY REPORT THE SETTLEMENT PAYMENT ON YOUR TAXES; OR 2) ABOUT ANY POTENTIAL IMPACT ON YOUR PAST TAX REPORTING HISTORY, IF ANY.**

2. *CAN YOU TELL ME MORE ABOUT ATTORNEYS' FEES AND COSTS IN THIS CASE?*

As you know, there were many hard-fought wins in this case over the past six years that moved this case forward to where we are today. To date, we incurred over $3.75 million dollars in attorneys' fees and over $350,000 dollars in out-of-pocket costs in litigating this case on your behalf. A snippet of our work includes:

- briefing, arguing, and ultimately winning the motion for conditional certification—winning this motion allowed us to send notice of the lawsuit to you and allowed you to opt-in and join the case;

- taking and defending nearly two dozen depositions throughout the United States and in Canada—the testimony given during these depositions were the basis for our successful summary judgment motions;

- reviewing millions of pages of documents—these documents were also instrumental for our successful summary judgment motions;

- briefing, arguing, and ultimately winning the motion for partial summary judgment as to successor liability—winning this motion is what kept this case alive to allow us the opportunity to try to recover any damages for you;

- briefing, arguing, and ultimately winning the motion for partial summary judgment as to liability and willfulness—winning this motion put significant pressure on Velocity Express to come to the table to discuss settlement as we would likely get similar results in the future tranche cases; and

- preparing for and participating in three separate mediations, ultimately resulting in settlement.

Based on all this, we intend to ask the Court to award us $2,900,000 in attorneys' fees and costs. This reflects roughly 67.5% of the total amount of fees incurred and costs spent over the last six years. As such, we believe the request is fair and equitable. As stated above,

3

**any attorneys' fees and costs awarded to us for representing you and the other individuals in this case must be approved by the Court and will only be awarded after a thoroughly examination of the reasonableness of the amounts requested.**

*3.*     *WHAT DO I NEED TO DO NEXT?*

You have four options at this point: 1) Participate in the Settlement and receive your award; 2) elect not to participate in the settlement and continue to litigate; 3) challenge the settlement; or 4) inform us you would like to have your case dismissed. If you wish to participate in the Settlement and receive your settlement award in this case, please return the enclosed document titled, "Settlement Participation." Please select the "I elect to participate in the Settlement" box and sign the form. Additionally, it is extremely important we have your current contact information during this settlement process, so please contact us to make sure we have your correct information to ensure we can reach you.

**PLEASE NOTE THE DEADLINE FOR PARTICIPATION MAY BE AS EARLY AS NOVEMBER 14, 2018**. Accordingly, please return the Settlement Participation form in the prepaid, pre-addressed envelope as soon as possible. Alternatively, we will also send you the settlement documents via email using Adobe Echosign so you may sign it online. If you choose to sign and submit your form electronically, you do not need to mail back the physical copy.[4]

   *A.*     *What happens if I elect to challenge the award?*

You are entitled under the Settlement to challenge the number of weeks awarded to you. Specifically, if you believe the number of weeks were in error, you may supply to Plaintiffs' Counsel the evidence you believe supports your claim that the number assigned to you was incorrect. If you elect to challenge the number of weeks worked, you must submit your challenge to Plaintiffs' Counsel in writing **no later than NOVEMBER 14, 2018**.

   *B.*     *What happens if I decide not to participate in the Settlement and do not consent to be dismissed?*

If you decide you do not want to participate in the Settlement you will lose the right to receive a settlement award. Additionally, if you do not instruct us to dismiss your case, you may be forced to move forward alone. This means you will basically be starting over at square one—you will need to participate in *individual* written discovery, *you* will be

---

[4] Please note, if you do nothing you will likely be deemed to be a **NON-PARTICIPATING DRIVER** which means you may not receive your award. Accordingly, to receive your award we strongly encourage you to send back the Participation Election Form by **November 14, 2018** so that we can ensure your participation in the Settlement.

4

required to sit for a deposition for *up to 7 hours*, and if your individual case proceeds all the way to trial, *you will be required to appear for trial* in San Francisco, California.

Further, we are required to warn you that there is **CONSIDERABLE RISK THAT YOU COULD LOSE THE CASE IF YOU ELECT NOT TO PARTICIPATE IN THE SETTLEMENT.** As you may recall, we asked the Court to find that the company that acquired Velocity Express is liable for Velocity Express's violations of the law. The Court sided with us and Velocity Express's acquirer is required to pay the current Settlement. However, the District Court's decision that Velocity Express's acquirer is a successor in liability is currently being appealed to the Ninth Circuit Court of Appeals. And, although we believe the District Court decided this motion correctly, there are a handful of other courts who have found the opposite way—**SO THERE IS A VERY REAL CHANCE THAT THE DISTRICT COURT'S DECISION FINDING SUCCESSOR LIABILITY COULD BE OVERTURNED**. If that were to happen, your individual case would be over because Velocity Express is no longer in business and has no money to pay your recovery. As such, we strongly advise you to participate in the Settlement.

If you decide you do not want to participate in the Settlement, or if you think you may want to challenge the Settlement, we encourage you to contact us to discuss your concern. **PLEASE NOTE, if you intend to not participate in the Settlement you must alert Plaintiffs' Counsel** *in writing* **that you do not intend to participate on or before <u>NOVEMBER 14, 2018</u>. You may submit your election to the email address set forth below or in the pre-paid postage return envelope.** If you have any questions or concerns about the Settlement or about anything in this letter, **<u>please contact us right away</u>**. You can reach one of our attorneys at:

- Jacob R. Rusch: 612-436-1838 or jrusch@johnsonbecker.com
- Molly E. Nephew: 612-436-1832 or mnephew@johnsonbecker.com

If you are unable to reach one of the attorneys, you can reach our Legal Assistant, Yer Thao, by email at ythao@johnsonbecker.com, by telephone at 612-436-1855, or toll free at 1-800-279-6386, extension 855. She will be able to assist you with any questions you may have or she can schedule a phone call with you and an attorney as soon as possible.

### 4.   *REMINDER OF THE SOCIAL MEDIA AND THE INTERNET POLICY.*

Throughout this settlement process, we ask that you do not mention your lawsuit or settlement on any website or social media, such as Facebook. This includes any content on personal webpage(s) or social media account(s) currently held by you, including but not limited to, photographs, texts, links, messages and other postings or profile information that is relevant to the subject matter of this litigation. "Social media" includes, but is not limited to, Facebook, Myspace, LinkedIn, Friendster, and/or blogs. It is important we emphasize the potential negative impact posting on social media or other public forums

may have on your case, including, but not limited to the possibility of you being denied your settlement award. Please contact us if you have any questions about posting on the internet or social media. If you have already made any posts, please let our office know right away and refrain from doing so in the future.

Let me end by saying the following: it has been a genuine pleasure to work on your behalf to obtain this result. We faced a strong and tough adversary who battled us tooth and nail for six years. We made good law that not only benefits you but will benefit persons misclassified as independent contractors. And, most important, we were able to get a meaningful recovery for you, from a Defendant who for six years refused to pay a dime. Thank you for your continued trust in our law firm to represent you in this matter. We look forward to hearing back from you as soon as possible.

Sincerely,

JOHNSON BECKER, PLLC

Timothy J. Becker, Esq.
Jacob R. Rusch, Esq.
Molly E. Nephew, Esq.
tbecker@johnsonbecker.com
jrusch@johnsonbecker.com
mnephew@johnsonbecker.com
Direct Line: 612-436-1855
Toll Free: 800-279-6386, ext. 855

JRR/MEN/yt

Cc:    Jason Thompson

# SETTLEMENT PARTICIPATION CONSENT FORM

**Instructions:** Please check the below box consenting to participate in the settlement and sign and date this form. **Contact us immediately if you have any questions or concerns**. Please send back this form in the pre-paid, pre-addressed return mail envelope as soon as possible. **WE MUST RECEIVE YOUR FORM BACK TO OUR OFFICE NO LATER THAN NOVEMBER 14, 2018**.

☐    I, [CLIENT NAME], consent to participate in the settlement.

_____        _____
Signature                                                                    Date